Ellis J. Staley, Jr., J.
This is a motion for an order dismissing the complaint herein on the ground that it fails to state a cause of action and that the court has not jurisdiction of the cause of action pursuant to CPLR 3211,
This action is brought for a declaratory judgment declaring that the receipts of coin-operated amusement devices such as automatic phonographs, bowling games, and pool tables are not subject to the tax imposed by article 28 of the Tax Law which is known as the State sales tax.
The plaintiff, a domestic corporation, is the owner and operator of approximately 150 of such coin-operated devices which are generally located in Niagara County. All of said devices require the insertion of 10 cents in coin for a single operation. Some of said devices, however, are equipped to accept coins of higher denomination for multiple plays, as, for example, 3 plays for 25 cents, or 7 plays for 50 cents, at the option of the user.
The defendants assert that, where the user inserts more than 10 cents to operate such devices, such use constitutes an admission or sale taxable under the provisions of section 1105 of article 28 of the Tax Law. The plaintiff asserts that article 28 of the Tax Law in inapplicable to it in its operation of these devices, and that the defendants seek to illegally, arbitrarily and capriciously compel the plaintiff to pay the sales tax imposed by article 28 of the Tax Law to the extent of its receipts from the operation and ownership of said devices.
The defendants move to dismiss the complaint upon the ground that the court docs not have jurisdiction of the subject matter of the action. Specifically, it is contended that the “ exclusive remedies ” provisions in section 1140 of article 28 of the Tax Law arc binding on the plaintiff and that the plaintiff is (hereby precluded from bringing a declaratory judgment action, but must seek relief by way of an article 78 CPLR proceeding.
The argument of “exclusive remedies” has been urged in a number of other cases involving taxing statutes, and, in these *16 cases, the courts have held that declaratory judgment actions would be permitted where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that the statute by its own terms is inapplicable to the taxpayer. (Dun & Bradstreet v. City of New York, 276 N. Y. 198; Booth v. City of New York, 268 App. Div. 502, affd. 296 N. Y. 573; Namro Holding Corp. v. City, of New York, 17 A D 2d 431; National Steel Corp. v. City of New York, 1 Misc 2d 1012; Brown v. New York State Tax Comm., 199 Misc. 349. )
Clearly the complaint herein contains allegations sufficient to invoke the court’s powers to render a decision on the question of whether article 28 of the Tax Law is, or is not, applicable to the plaintiff. The underlying facts in the case at bar are undisputed. No issue of fact is present. Only questions of law are involved relative to the application of the statute. The court, in its discretion, will, therefore, treat this motion as a motion for summary judgment pursuant to CPLR 3211 (subd. [c]). Article 28 of the Tax Law provides in part as follows:
‘ ‘ § 1105. Imposition of sales tax. On and after August first, nineteen hundred sixty-five, there is hereby imposed and there shall be paid a tax of two percent upon:
“ (a) The receipts from every retail sale of tangible personal property * * *.
“ (f)(1) Any admission charge where such admission charge is in excess of ten cents to or for the use of any place of amusement in the state * *
“ § 1101. Definitions. * * *
“ (b)(2) Purchaser. A person who purchases property or to whom are rendered services, the receipts from which are taxable under this article. * * *
“ (4) Retail sale, (i) A sale of tangible personal property to any person for any purpose, other than * * *.
“ (5) Sale, selling or purchase. Any transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor, including the rendering of any service, taxable under this article, for a consideration or any agreement therefor. * * *
“ (d) When used in this article for the purposes of the tax imposed under subdivision (f) of section eleven hundred five, the following terms shall mean: * * *
“ (2) Admission charge. The amount paid for admission, including any service charge and any charge for entertainment or amusement or for the use of facilities therefor. * * *
*17 “ (10) Place of amusement. Any place where any facilities for entertainment, amusement, or sports are provided.”
The word “ amusement ” has been defined as “ Anything that amuses, as an entertainment or spectacle; a pleasurable occupation of the senses, or that which furnishes it, as dancing, sports or music; diversion, entertainment, recreation, pastime, sport; enjoyment.” (3 C. J. S., Amusement, p. 1060.)
The Supreme Court of the State of Pennsylvania in construing the word “ amusement ” in the case of Fierro v. Williamsport (384 Pa. 568, 570) stated: “ Obviously and literally, the word ‘ amusement ’ includes juke boxes or any other form of mechanical or electronic device for which admission is charged or paid.” The devices owned and operated by the plaintiff come within these definitions, and the plaintiff itself, in its complaint, terms these devices as “ coin-operated amusement devices.” Obviously then, those devices are facilities for amusement or entertainment and the charge paid for their use comes within the definition of “ admission charge ” in section 1101 (subd. [d], par. [2]) of article 28 of the Tax Law.
The tax imposed by section 1105 (subd. [f], par. [1]) of the Tax Law is, however, upon any admission charge to or for the use of any place of amusement in the State. A coin-operated amusement device, however, is not a place of amusement as such term is defined in section 1101 (subd. [d], par. [10]). Such device would constitute a facility for entertainment or amusement, but not a place where such facilities are provided.
The taxes imposed by section 1105 (subds. [b], [c], [d] and [e]) of the Tax Law are clearly not applicable to the use or operation of coin-operated amusement devices. Section 1105 (subd. [a]) of the Tax Law imposes a tax upon every retail sale of tangible property except as otherwise provided in article 28. A sale includes a license to use for a consideration (Tax Law, § 1101, subd. [b], par. [5]). The word license is by definition a right or permission or authority to do or forbear an act.
Analyzing the facts in the case at bar, it appears that the plaintiff authorizes, empowers, or permits the general public and, in particular, the patrons of the establishments where its amusement devices are located, to use such devices, provided the user inserts the proper amount of coins in consideration for such use. The plaintiff’s operations then amount to the granting of licenses to use tangible personal property for a consideration. The proceeds of the plaintiff’s coin-operated amusement devices, are, therefore, taxable as retail sales under section 1105 (subd. [a]) of article 28 of the Tax Law.