BATHRICK ENTERPRISES, INC., Appellant, *v.* JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.

*Third Department, March 15, 1967.*

*Moriarty & Swanz* (*Jeremiah J. Moriarty* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Ruth Kessler Toch* of counsel), for respondents.

*Haskell & Blatt* (*John R. Davison* of counsel), for Music Operators of New York, Inc., and others, *amici curiæ.*

GABRIELLI, J. This is an appeal from an order of the Supreme Court, Albany County, which awarded summary judgment in favor of the defendant, and from the judgment entered thereon.

Appellant is the owner and operator of some 150 coin-operated amusement devices such as automatic phonographs, bowling games and the like. These devices are generally located in Niagara County and appellant has had them installed in restaurants, taverns and similar places pursuant to agreements with the operators of these establishments whereby they and appellant share the proceeds from these devices. All of these devices require the insertion of 10 cents in coin for a single operation and some are equipped to accept coins of higher denominations for multiple plays.

Appellant now seeks a declaration that the New York State sales tax (§ 1105, subd. [a]) is inapplicable to receipts from these coin-operated devices.

Initially, respondents also attempted to levy a tax under section 1105 (subd. [f], par. [1]) of the Tax Law, which imposes

a tax against any admission charge over 10 cents to any place of amusement. "Place of Amusement" is defined as any *place* where facilities for entertainment, amusement or sports are provided (§ 1101, subd. [d], par. [10]).

Upon a motion to dismiss the complaint, Special Term (50 Misc 2d 14) properly held that the devices constituted facilities and not places of amusement and, therefore, the receipts were not taxable under section 1105 (subd. [f], par. [1]). The court further held, however, that the receipts from these devices were subject to the New York sales tax under subdivision (a) of section 1105 of the Tax Law, granted respondent's motion and entered summary judgment. It is from this latter determination that plaintiff appeals.

Respondent's motion to dismiss the complaint upon this latter ground should not have been granted and appellant is entitled to a declaration that receipts from these coin-operated devices are not subject to tax under article 28 of the Tax Law.

Subdivision (a) of section 1105 of the Tax Law provides that:

" On and after August first, nineteen hundred sixty-five, there is hereby imposed and there shall be paid a tax of two percent upon:

" (a) The receipts from every retail sale of tangible personal property, except as otherwise provided in this article."

The statute further places the issue in focus when it defines a "Retail sale" as "A sale of tangible personal property \* \* \* for any purpose, other than \* \* \* for resale \* \* \* or \* \* \* for use by that person in performing the services subject to tax" (§ 1101, subd. [b], par. [4]).

The respondent's contention that the receipts from these devices are subject to the tax because the use thereof grants a license to use personal property, is untenable. In the operations under consideration, it was never intended that there be (nor was there) any passage or transfer of title nor were they such that actual, exclusive possession was transferred.

The principle here involved has been passed upon in *American Locker Co.* v. *City of New York* (308 N. Y. 264) wherein a similar city tax was attempted to be levied on receipts from coin-operated lockers used for storing baggage. The Administrative Code of the City of New York defined a sale substantially as here, including the "license to use" language in the statute under interpretation. The court there (p. 267) held that "The purpose of the sales tax is not to impose a tax on all transactions, but only on transactions which involve the passage or transfer of title (see Personal Property Law, § 82, for definition of sale), or transactions in which the actual,

exclusive possession is transferred ". No title ever passed nor was any possession ever transferred.

The sales tax imposes a special tax and must, in the circumstances here presented be strictly construed in favor of the taxpayer (*Matter of American Cyanamid & Chem. Corp.* v. *Joseph,* 308 N. Y. 259, 263; *Matter of Good Humor Corp.* v. *McGoldrick,* 289 N. Y. 452).

The order and judgment appealed from should be reversed, on the law, and the motion denied.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and GABRIELLI, JJ., concur in opinion per GABRIELLI, J.

Order and judgment reversed, on the law, with costs to appellant, and respondents' motion to dismiss complaint denied.