■ In the Matter of WAXLIFE, U. S. A., INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for revision or refund of sales and use taxes for the period February 1, 1973 through August 31, 1973. Petitioner is a corporation operating a wax museum as a part of an amusement park complex, known as Gaslight Village, which is a related corporation. The amusement park is located at Lake George, New York. Respondent has determined that petitioner is liable for sales taxes or compensating use taxes for the period February 1, 1973 through August 31, 1973 and issued a notice of determina-

tion and demand for payment of sales and use taxes due against petitioner, dated September 6, 1974. The tax imposed was based on the purchase of 378,000 folders or brochures from Great Lakes Press of Rochester, New York, at a cost of $7,076.16. The brochures which describe the attractions of the museum, are primarily distributed at the entrance to petitioner's exhibit, and are also available upon request to the general public. Respondent held that "as part of the admission price customers are given a brochure that pictures, describes and maps the sites". No specific charge is made for the brochure, and any customer could refuse to take one or could take several without a commensurate change in the admission price. A sales tax is imposed on the receipts from the retail sale of tangible personal property (Tax Law, § 1105, subd [a]). Except where a sales tax is imposed, a use tax is imposed on every person for the use within the State of any tangible property purchased at retail (Tax Law, § 1110). The brochures were purchased at retail, and no sales tax was paid in connection with the purchases of them. The Tax Law defines a retail sale as a sale of tangible property to any person for any purpose other than for resale as such (Tax Law, § 1101, subd [b], par [4], cl [i]). Petitioner contends that the brochures were purchased for the purpose of resale, and no sales tax should be imposed on the original purchase (20 NYCRR 526.6 [c] [1]), but if the brochures were used for promotional purposes, it would be appropriate for a use tax to be assessed at the time the brochures are used for that purpose (20 NYCRR 531.1 [a]). Respondent has determined that under the circumstances here, no sale existed citing 20 NYCRR 526.6 (c) (4) (i) (ii): "(i) Tangible personal property which is purchased and given away without charge, for promotion or advertising purposes is not purchased for resale. It is a retail sale to the purchaser thereof, and is not a sale to the recipient of the property. (ii) Tangible personal property which is purchased for promotional or advertising purposes and sold for a minimal charge which does not reflect its true cost, or which is not ordinarily sold by that person in the operation of his business, is a retail sale to the purchaser thereof, and not a sale to the recipient of the property". Petitioner's contention that the brochures were resold as personal property since they are given to its customers, and that a portion of the admissions charge could be allocated to the brochures is not supported by the evidence, and is without merit. Petitioner has submitted no evidence of any allocation on its books or records. The purchase of the brochures was a purchase for use by petitioner, and not for resale, and is subject to the compensating use tax upon this purchase (Tax Law, § 1110). On February 23, 1973, petitioner contracted with Monahan and Loughlin, Inc., a roofing contractor, to perform certain roof improvements on its real property. Both parties agree that this was a capital improvement to real estate and thus not subject to the sales tax. The contract stated "(Sales Tax Included) $11,112.00." Petitioner contends that under the terms of the contract, it paid a sales tax to the contractor, and is entitled to a refund. Respondent determined that "a capital improvement is not a tax-exempt transaction. The contractor is responsible for the sales tax on the materials used in the project. The fact that the contractor on the invoice labelled the cost of materials as including sales tax is insufficient to allow a refund" to petitioner. The only proof offered by petitioner that it paid the sales tax for which it seeks refund is a statement on the contractor's proposal saying "Sales Tax Included". This is not sufficient to show that a sales tax was being charged on the sale by the contractor to the petitioner. This statement can be interpreted to mean merely that the contractor has included in its own costs the sales tax it paid to suppliers for

the materials used in performing the contract. Since the proposal does itemize these costs, it is perfectly natural to suppose that the sales tax is merely another such item, especially when the sales tax is, in fact, due on the purchases by the contractor. Respondent's witness testified that the amount of $11,112 included material and labor, and that there was no proof as to what portion is material and what portion is labor, and that the tax paid by the contractor would be on the material only. The statement "Sales Tax Included" can be given no legal effect and such statement cannot be used as proof that a sales tax was paid to the contractor by petitioner and it is, therefore, not entitled to a refund. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.