OPINION OF THE COURT
Rudolph U. Johnson, J.
Plaintiffs, Walt’s Concessions, Inc. and Al Boxall’s Concessions, Inc., are engaged in the business of operating carnival games at various fairs and field days throughout the United States, including New York State. These plaintiffs are also members of plaintiff, Outdoor Amusement Business Association, which claims to be a North American trade association for the carnival industry with a membership approximating 4,000. As such, plaintiffs pursue this motion and their cause of action herein as a class action on behalf of themselves and all others similarly situated.
Plaintiffs and defendant appear before this court seeking summary judgment pursuant to CPLR 3212 and request this court to decide whether article 28 (§ 1101, subd [d]; § 1105, subd [f], par [1]) of the Tax Law imposes a tax upon plaintiffs’ gross receipts from the operation of their games and whether section 1101 (subd [b], par [4]), subdivision (a) of section 1105 and section 1110 impose a tax upon plaintiffs’ purchases of game prizes which are later distributed to successful game participants. The prizes were purchased at retail and no sales tax was paid at the time of purchase.
At the outset, the court does not believe that plaintiffs are sufficiently representative of the proposed class, as the factual variances between individual parties is too great to allow us to find a predominance of common factual circumstances. For those individuals whose business practices and amusement booths and games are factually similar to those presented herein, the application of the doctrine of stare decisis ought to afford an adequate remedy. (See Matter of Jones v Berman, 37 NY2d 42; Matter of Gaillard v Lavine, 51 AD2d 181.) Plaintiffs’ request for a determination as a class action is, therefore, denied.
Before addressing the issue of whether plaintiffs’ game booths are places of amusement within the meaning of section 1105 (subd [f], par [1]) of the Tax Law and, if so, whether they *963 are otherwise exempt from the tax imposition of this section as being facilities for sporting activities, various factual questions require disposition.
Plaintiffs, in heavy reliance on Bathrick Enterprises v Murphy (50 Misc 2d 14, revd 27 AD2d 215, affd 23 NY2d 664), argue, by analogy, that their portable game booths are only facilities for entertainment and/or sport, in the same manner that coin-operated amusement devices are not places of amusement but merely facilities for entertainment.
However, while the court is familiar with amusement booths which proliferate carnival midways and which have been an integral part of carnival and community fairs and bazaars for hundreds of years, we are not so able to take judicial notice of the many and differing types of games offered, the physicial dimensions and layout of each booth, the amount of chance or skill involved, whether an admission charge was first collected at the fair or midway entrance, as well as other physical attributes, as to permit us to characterize their activity.
Whether these amusement booths and the games offered are fully places of amusement, or no more than the rudimentary precursor to the now electrically refined amusement device, i.e., the pinball machine and its cousin, the video game, is an evidentiary issue for the trial court. Motions for summary judgment on this point are denied.
With regard to the tax imposed under section 1101 (subd [b], par [4]), subdivision (a) of section 1105 and section 1110, we believe it obvious that the price charged for playing the "game” is not contemplated as the market value selling price of the offered prize.
Upon review we can only conclude that the prize is merely a further inducement — beyond the entertainment value of participating in the carnival atmosphere, games and chances — to entice, from a prospective customer, the price of having a try at the particular game being pressed by the booth’s operator or barker. It was, therefore, proper for the Tax Commissioner to assess a compensating use tax. (See Matter of Waxlife, U. S. A. v State Tax Comm., 67 AD2d 1040.)
Lastly, we cannot agree with plaintiffs that the possible imposition of these two separate taxes would constitute "double taxation”.
Accordingly, defendant’s cross motion for summary judg *964 ment dismissing that part of plaintiffs’ complaint as relates to the imposition of use compensating tax pursuant to section 1110 of the Tax Law is granted and defendant is directed to forward an order in conformance with this decision.