■ OUTDOOR AMUSEMENT BUSINESS ASSOCIATION et al., Respondents, v STATE TAX COMMISSION, Appellant. (Appeal No. 1.) — Judgment reversed, without costs, and judgment declared in favor of defendant. Memorandum: Plaintiffs, operators of various carnival games and an association of such operators, commenced this declaratory judgment action challenging, *inter alia,* the determinations of defendant State Tax Commission (Commission) of sales taxes owed on the gross receipts of the games operated by plaintiffs in this State. After a nonjury trial judgment was awarded plaintiffs declaring that the gross receipts from the operation of the games were not subject to a sales tax pursuant to article 28 of the Tax Law, that the Commission's determinations

were null and void and that defendant was enjoined from attempting to impose or collect a sales tax on such gross receipts. Defendant appealed. Since the issue is whether the transactions are subject to taxation under section 1105 (subd [f], par [1]) of the Tax Law, thereby involving an exclusion, the statute must be strictly construed in favor of the taxpayer *(Matter of Grace v New York State Tax Comm., 37 NY2d 193, 196)*. Nonetheless, the clear import of the words, interpreted as an ordinary person would interpret them, permits no well-founded doubt that the statute was meant to apply to the gross receipts in question (see *Matter of Grace v New York State Tax Comm., supra; Matter of American Cyanamid & Chem. Corp. v Joseph,* 308 NY 259, 263; *Matter of New York Life Ins. Co. v State Tax Comm.,* 80 AD2d 675, 678; *Matter of Wien v Murphy,* 28 AD2d 222, 225-226, mot for lv to app den 22 NY2d 646). Section 1105 (subd [f], par [1]) of the Tax Law provides for the imposition of a sales tax upon "[a]ny admission charge where such admission charge is in excess of ten cents to or for the use of any place of amusement in the state * * * except charges to a patron for admission to, or use of, facilities for sporting activities in which such patron is to be a participant, such as bowling alleys and swimming pools". A "[p]lace of amusement" is defined as "[a]ny place where any facilities for entertainment, amusement, or sports are provided" (Tax Law, § 1101, subd [d], par [10]). "Place" is a common word *(Matter of Wien v Murphy,* 28 AD2d 222, 225-226, *supra)* which is left undefined in article 28 of the Tax Law and, hence, must be accorded its commonly understood meaning (see McKinney's Cons Laws of NY, Book 1, Statutes, § 232; *Matter of Steinbeck v Gerosa,* 4 NY2d 302, 308). In its ordinary use the noun "place" has a broad meaning. "It is applied to any locality, limited by boundaries, however large or * * * small * * * In its primary and most general sense means locality, situation, or site" (Black's Law Dictionary [5th ed], p 1034). The booths, stalls or trailers housing the carnival games in question are places of amusement, i.e., sites where facilities for amusement or entertainment are provided. Nor can the carnival games be considered a "sporting facility or activity" for which a charge of admission to a patron who will participate is excluded (Tax Law, § 1105, subd [f], par [1]; 20 NYCRR 527.10 [d] [4]). The games lack any great degree of athletic activity but are mainly games of skill and chance. Finally, plaintiffs' contention that these games are more akin to amusement devices as opposed to places of amusement, and therefore excluded from the tax is without merit. Assuming, *arguendo,* that the carnival games could be so characterized, charges for their use would be taxable nonetheless. The applicable regulation provides that a "place of amusement" includes " 'penny arcades'; any room which includes ping pong tables and amusement devices, *and any amusement device,* carousel, miniature fair, ferris wheel and other amusement rides, whether or not contained in an enclosure" (20 NYCRR 527.10 [b] [3] [iv]; emphasis added). Since this is a question of statutory interpretation, dependent only on an accurate apprehension of legislative intent, a reviewing court need not accord that regulation great weight *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *Matter of New York Life Ins. Co. v State Tax Comm.,* 80 AD2d 675, 676, *supra)*. However, 20 NYCRR 527.10 (b) (3) (iv) accurately reflects the legislative intent concerning the taxable status of the charges for the use of amusement devices. "Charges * * * now largely exempt from local sales taxation, which would be taxable under the State tax are: receipts of coin-operated amusement devices" (NY Legis Ann, 1965, p 433). The regulation, therefore, is not unreasonable or irrational and must be upheld *(Matter of Howard v Wyman,* 28 NY2d 434). Defendant's determinations of tax were properly assessed pursuant to the authority of article 28 of the Tax Law and the judgment must be reversed. All concur, except Hancock, Jr.,

J., who dissents and votes to affirm the judgment in the following memorandum.

Hancock, Jr., J. (dissenting). I respectfully dissent. Whether the booths or other places where the games are played are "places of amusement" within the meaning of the statute is to me beside the point. The receipt sought to be taxed is not an "admission charge" for admission to or for the use of a place of amusement (Tax Law, § 1105, subd [f], par [1]). Admission charge is defined in the statute as "[t]he amount paid for admission, including any service charge and any charge for entertainment or amusement or for the use of facilities thereon." (Tax Law, § 1101, subd [d], par [2]). A plain reading of section 1105 (subd [f], par [1]) of the Tax Law leads to the conclusion that "admission charge" means a fee paid by a customer either for use of facilities or for entrance to a place where entertainment is to be conducted. The nature of the performances and activities specified in that section strengthens this construction. The games in question here are those typically found at county fairs, on midways, or at firemen's field days (e.g., throwing a football through a hole in a board, tossing a basketball through a hoop, throwing a baseball at a stuffed doll, climbing a rope ladder to ring a bell, covering a red spot on a board with five discs, etc.) in which the customer pays a fee to participate in the hope of winning one of the wide selection of prizes displayed (e.g., small household appliances, lamps, stuffed animals, etc.). It cannot be said that the charge is for "admission to" a place of amusement as would be the case with a fee for entering a sideshow, for example. Here the game operators make no charge for entering the tents or places where the games are played and no charge for watching. Nor, in my opinion, can the fee be characterized as a charge "for the use of the facilities" (i.e., for the momentary use of the baseball, the discs, or for the privilege of climbing the rope ladder), as would be the case with the charge for riding the ferris wheel or roller coaster. The fee is paid for entering the contest and for the chance of winning a prize. Without that chance, no one would pay to play. Because the charge is not for admission or for the use of the facilities, it is not taxable (Tax Law, § 1105, subd [f], par [1]). (Appeal from judgment of Erie Supreme Court, Stiller, J. — declaratory judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.