■ FAIRLAND AMUSEMENTS, INC., Respondent, v STATE TAX COMMISSION, Appellant. — Kane, J. P.

---

Plaintiff is a company that provides portable amusement rides, such as Ferris wheels and merry-go-rounds, at fundraising activities sponsored by various organizations throughout New York. Plaintiff is paid by the organization involved based upon a percentage of the moneys received from sales of tickets which are purchased by the general public for the individual rides. There is no charge to the general public for admission to the site where the rides are located.

The issue presented in this case is whether defendant properly concluded that plaintiff should have collected sales taxes upon the tickets which people purchased to use plaintiff's rides.

Tax Law § 1105 (f) (1) provides, in pertinent part, that a sales tax should apply to "[a]ny admission charge where such admission charge is in excess of ten cents to or for the use of any place of amusement in the state". The term "place of amusement" is defined by Tax Law § 1101 (d) (10) as "[a]ny place where any facilities for entertainment, amusement, or sports are provided", and the term "admission charge" is defined by Tax Law § 1101 (d) (2) as "[t]he amount paid for admission, including any service charge and any charge for entertainment or amusement or for the use of facilities therefor".

In this regard, Justice Hancock stated in his dissent to *Outdoor Amusement Business Assn. v State Tax Commn.* (84 AD2d 950, 952, *revd on dissenting mem below* 57 NY2d 790) that where "the charge is not for admission *or for the use of the facilities,* it is not taxable" (emphasis supplied), thus indicating that if a charge is for the use of the facilities, it is taxable. Indeed, Justice Hancock specifically stated that such a taxable use of facilities included the riding of a Ferris wheel. This commonsense reasoning was adopted by the Court of Appeals and, in our opinion, applies here. Consequently, the admission charge to use the amusement rides in question would be taxable.

Judgment reversed, on the law, defendant's motion for summary judgment granted and complaint dismissed, without costs. Kane, J. P., Main and Harvey, JJ., concur; Mikoll and Yesawich, Jr., JJ., dissent and vote to affirm in the following memorandum by Mikoll, J.

Mikoll, J. (dissenting). We respectfully dissent. The judgment entered at Special Term should be affirmed.

Tax Law § 1105 (f) (1) and the definitions applicable thereto set forth a two-step procedure to determine if plaintiff is liable for sales taxes on tickets sold to the public for its rides. First, the

moneys paid must be an admission charge, either a fee paid for entrance to a place or for the use of the facilities. Here, the moneys paid for tickets clearly are fees paid for the use of the facilities (*see, Outdoor Amusement Business Assn. v State Tax Commn.,* 57 NY2d 790, *revg on dissenting mem below* 84 AD2d 950, 952). Second, the sales tax is imposed only on the admission charge to or for the use of any place of amusement. "Place of amusement" may be interpreted as meaning only the physical space within which the amusement is provided or the amusement facility itself. Applying the rationale of *Matter of Wien v Murphy* (28 AD2d 222, *lv denied* 22 NY2d 646) and *Bathrick Enters. v Murphy* (27 AD2d 215, *affd* 23 NY2d 664), it appears that if plaintiff's rides were located in a building, an admission charge to enter the building would be taxable but an admission charge to use the rides, regardless of whether admission to the building was free, would not be taxable.

However, this portion of the statute is ambiguous since another interpretation may be placed on it under which an admission charge to use plaintiff's rides would be taxable. The term "[a]ny place where any facilit[y] for * * * amusement * * * [is] provided" (Tax Law § 1101 [d] [10]) may be interpreted to mean the ride itself or the location upon which the ride rests. Thus, by implication, a charge for the use of the facilities may be taxable.

Nevertheless, in determining if there is an exclusion under the Tax Law, any ambiguities in the tax statute must be construed most strongly in favor of the taxpayer and against the government (*see, American Locker Co. v City of New York,* 308 NY 264, 269; *Matter of American Cablevision v Jacobs,* 101 AD2d 65, 68; McKinney's Cons Laws of NY, Book 1, Statutes § 313 [c]) and the statute must be interpreted as it would be read by the ordinary person. Accordingly, the statute and applicable definitions must be construed to apply a tax only on the admission charge to enter the location where the amusement facilities are found. The public has free access to that location here. Thus, Special Term correctly ruled that Tax Law § 1105 (f) (1) does not apply to the receipts in dispute.

Defendant's reliance upon its own regulations, which provide that amusement devices such as plaintiff's come under the definition of "place of amusement" (20 NYCRR 527.10 [b] [3]), is misplaced. A regulation which runs counter to the statute it was intended to implement is unenforceable (*see, Servomation Corp. v State Tax Commn.,* 51 NY2d 608). The case of *Bathrick Enters. v Murphy* (*supra*) holds that amusement devices are not places of amusement. Thus, the regulation in question (20 NYCRR 527.10 [b] [3]) is void.