RIMM, J.T.C.
This is a sales and use tax matter. There are two basic issues:
(1) what is the correct interpretation of N.J.S.A. 54:32B-3(e)(1) imposing a sales tax on an admission charge, and, in connection with that section, what is the correct interpretation of N.J.S.A. 54:32B-2(o) defining admission charge and N.J.S.A. 54:32B-2(t) defining place of amusement; and
(2) is a use tax due under N.J.S.A. 54:32B-6[1] on the foreign purchase of rides and equipment used in an amusement park?
*217 Plaintiff, Mariner’s Landing, Inc., a corporation of New Jersey, owns and operates an amusement pier called Mariner’s Landing on the boardwalk in Wildwood, New Jersey. Plaintiff purchases the rides and equipment used in the operation of its amusement pier outside of New Jersey, arranges for its own delivery of the rides and equipment, and does not pay any sales tax upon the purchase prices of these rides and equipment. § 8.10.
The amusement pier itself is open to the public and there is no charge for entering the pier. Patrons who enter the pier may purchase tickets at $.25 each for the rides, purchasing as few or as many tickets as they need for the rides they choose, different rides requiring different numbers of tickets. Some of the rides are surrounded by fencing with an entrance gate, but there is a charge for all rides and a customer must present the required number of tickets to an employee of plaintiff before going on any ride.
Defendant has assessed a sales tax under § 3(e)(1) on the charges made for the rides and a use tax under § 6 on the prices paid for the purchases of the rides and equipment. By a final determination dated May 20, 1987, defendant demanded payment of $311,712.83, including interest to June 20, 1987. Interest had been abated to 9% a year and any penalty was waived. The computation of taxes due for the period of April 1, 1983 to March 31, 1986 was as follows:
[[Image here]]
*218 Plaintiff argues that no sales tax may be imposed because the charges made by it for the rides are not admission charges for entry into any place of amusement. The place of amusement, plaintiff argues, is the pier itself, and there is no charge for entry onto the pier. Plaintiff also argues that, since no sales tax is properly chargeable for the rides, the entire series of transactions resulting in the use of the rides by the ultimate consumer is tax free and no sales or use tax may even be imposed on the purchase prices of the rides and equipment. In the alternative, plaintiff asserts that the assessment of a sales tax on the charges for the rides and the assessment of a use tax on the purchase prices of the rides and equipment constitute improper double taxation. Defendant may, plaintiff claims, impose the sales tax or the use tax, but not both.
The matter is presently before me on plaintiffs motion for summary judgment and defendant’s cross-motion for partial summary judgment. Plaintiff claims that there are no facts in dispute and that a summary judgment should be entered in its favor declaring that no sales tax is due on charges it makes for rides on its pier and that no use tax is due on its purchase of rides and equipment out of State.
Defendant agrees that the use tax issue is ripe for summary judgment and he seeks a judgment affirming his use tax assessment. However, on the sales tax issue, defendant seeks only a partial summary judgment that sales tax is due on the charges plaintiff makes for its rides. He states that if it is determined that a sales.tax is due, there are two areas of disagreement between the parties requiring a trial:
(a) plaintiff claims that two rides, namely Tilt-A-Whirl and Super Scooter, were erroneously assessed because the charge for each of these rides is $.75 or less; and
(b) plaintiff claims that certain rides, namely, Go-Carts, Can Am Race Car, Bumper Boats[2] and Super Scooters, qualify for *219 the participating sports exemption, and charges made for these rides are not subject to sales tax.

Admission Charges.

Defendant assessed sales tax on plaintiff’s ticket sales under the authority of § 3(e)(1), which provides that a tax shall be paid upon:
Any admission charge, where such admission charge is in excess of $0.75 to or for the use of any place of amusement in the State, ... except charges to a patron for admission to, or use of, facilities for sporting activities in which such patron is to be a participant, such as bowling alleys and swimming pools....[3]
Defendant also relies on two definitions in the act as follows:
Admission charge. The amount paid for admission, including any service charge and any charge for entertainment or amusement or for the use of facilities therefor. [§ 2(o)]
Place of amusement. Any place where any facilities for entertainment, amusement, or sports are provided. [§ 2(t)]
Defendant claims that the tax is applicable to the charges made by plaintiff either as an admission charge to a place of amusement or as an admission charge for the use of any place of amusement. § 3(e)(1). Defendant insists that each of plaintiff’s amusement rides is affixed to a particular site on the amusement pier and is a place of amusement. § 2(t). In order to enter the area where the ride is located, a customer must purchase admission tickets and hand them over to plaintiff’s employees attending the admission gate or place of admission. Each site is controlled to prevent admission to it except upon handing an employee of plaintiff the necessary number of tickets designated for the ride. Each area is controlled for safety purposes and to insure that payment is made for the entry into the area and for the use of the amusement ride. Each of plaintiff’s amusement rides, according to defendant, constitutes a “place of amusement” because each ride is a place or area into which customers enter to be amused. No one can *220 doubt, for example, that the rides are there for the purpose of amusing or entertaining the customers.
A “place of amusement” requires the definition of two words joined by the preposition “of” to achieve a descriptive phrase. “Place” as a noun, means:
1. a square or court in a city. 2. a short, usually narrow, street 3. space; room 4. a particular area or locality; region 5. a) the part of space occupied by a person or thing b) situation or state ... 6. a city, ... 7. a residence, ... 8. a building or space devoted to a special purpose [a place of amusement] ... [Webster’s New World Dictionary (2nd Col.Ed.1978) at 1086]
“Place” used as a noun is a “very indefinite term” but “[i]n its primary and most general sense means locality, situation or site____” Black’s Law Dictionary (5 ed. 1979) at 1034.
“Amusement”, as a noun, means:
1. the condition of being amused 2. something that amuses or entertains; entertainment. [Webster’s New World Dictionary, supra at 48]
“Facilities” is a noun, the plural of “facility”, which is defined as “something that promotes the ease of any action, operation, transaction, or course of conduct-usu. used in pi.” Webster’s Third New International Dictionary (Unab. ed. 1986) at 812.
Upon inquiring into the common, ordinary meanings given to “place,” “amusement” and “facilities,” a tax on “admission” to a “place of amusement” is a tax levied on a charge for entering a space devoted to or providing something that amuses or for the use of facilities that amuse or entertain. Plaintiff levies such a charge for entering the spaces devoted to its rides which spaces are provided to amuse its customers.
Plaintiff argues to the contrary that the entire amusement pier is the place of amusement. Anyone may enter the pier without paying any admission charge, and there is no admission charge made by plaintiff which is subject to tax under the act. The individual locations or sites in which the rides are located are not places of amusement. Since no charge is made to any customer for entrance onto the amusement pier, the amount of money that a patron pays for a ride is not subject to sales tax under the act.
*221 Defendant counters, in turn, by arguing that even if, arguendo, the charge plaintiff makes is not for admission into a specific place of amusement, the charge is nevertheless taxable because it is the amount paid for entertainment or amusement or for the use of facilities for entertainment or amusement. § 2(o).
The imposition of the tax, according to defendant, is based on a construction of the act in accordance with “the established proposition that ‘legislative language must not, if reasonably avoidable, be found to be inoperative, superfluous or meaningless’ ” Matter of Sussex Cty. Mun. Utilities Authority, 198 N.J. Super. 214, 217, 486 A.2d 932 (App.Div.1985).
Plaintiff relies on Great Adventure, Inc. v. Taxation Div. Director, 7 N.J.Tax 58 (Tax Ct.1984), and argues that the distinction it makes between its amusement pier, on the one hand, and the locations or places where the rides are maintained, on the other hand, is established for purposes of the sales tax. In Great Adventure, Inc., the court held that admission charges to Great Adventure, a theme park which contained amusement rides similar to plaintiff’s ferris wheel, merry-go-round and roller coaster, were subject to the sales tax.
A place of amusement is simply “[a]ny place where any facilities for entertainment, amusement or sports are provided.” N.J.S.A. 54:32B-2(t). It is undisputed that Great Adventure is a place of amusement and thus the sales tax is applicable to its admission charges. [Id. at 61]
In arguing against the imposition of a sales tax on payments made by its patrons for going on the amusement rides and otherwise using the facilities at its amusement pier, plaintiff also cites Grauer v. Director of Revenue, 193 Kan. 605, 396 P.2d 260 (1964). The court interpreted a statute which levied a tax upon “the gross receipts from the sale of admissions to any place of amusement, entertainment or recreation____” Kan. Stat.Ann. § 79-3603(e) (1961). The court concluded that the statute applied to a charge paid for merely entering the premises and not to charges for participation in bowling games. This case is simply inapposite. Charges paid by patrons participat *222 ing in sports are specifically dealt with in the New Jersey statute, and charges for bowling are specifically exempted.
In its brief, plaintiff further says that “[m]ost patently determinative of the issue at hand is New York’s Sales and Compensatory Use Tax Law,” N.Y.Tax Law, § 1101 et seq. (McKinney 1973). The pertinent provisions of the New York law are identical to the statutory provisions in this case except for the exemption amount and certain specified activities subject to tax. The act is also said to have been drawn from the New York statute. See N.J. Bell Tel. v. Taxation Div. Director, 152 N.J.Super. 442, 450, 378 A.2d 38 (App.Div.1977) (Horn, J., concurring), certif. den. 75 N.J. 594, 384 A.2d 824 (1978).
In Bathrick Enterprises, Inc. v. Murphy, 50 Misc.2d 14, 269 N.Y.S.2d 305 (Sup.Ct.1966), aff’d 27 AD.2d 215, 277 N.Y.S.2d 869 (App.Div.1967), aff’d 23 N.Y.2d 664, 295 N.Y.S.2d 489, 242 N.E.2d 745 (1968), plaintiff sought a judgment “declaring that the receipts of coin operated amusement devices such as automatic phonographs, bowling games and pool tables are not subject to the tax imposed by Art. 28 of the Tax Law which is known as the State’s Sales Tax.” 269 N.Y.S.2d at 306. Plaintiff owned and operated approximately 150 of these coin-operated devices. At the relevant time, the law of New York provided in part as follows:
§ 1105. Imposition of Sales Tax.
On and after August 1, 1965, there is hereby imposed and there shall be paid a tax of 2% upon: ...
(f)(1) any admission charge where such admission charge is in excess of $.10 to or for the use of any place of amusement in this state____
§ 1101. Definitions ...
(d) When used in this article for the purposes of the tax imposed under subdivision (f) of § 1105 the following terms shall mean ...
(2) Admission Charge. The amount paid for admission, including any service charge and any charge for entertainment or amusement or for the use of facilities therefor ...
(10) Place of Amusement. Any place where any facilities for entertainment, amusement, or sports are provided. [269 N.Y.S.2d at 307-308]
The court held that receipts from coin-operated amusement devices were not subject to the tax imposed by § 1105(f)(1) which is a tax “upon any admission charge to or for the use of *223 any place of amusement in the state.” 269 N. Y.S.2d at 308. It specifically ruled that a coin-operated amusement device is not a place of amusement.
Plaintiff also relies on Outdoor Amusement Business Association v. State Tax Commission, 57 N.Y.2d 790, 455 N.Y.2d 586, 441 N.E.2d 1104 (1982), rev’g 84 A.D.2d 950, 447 N.Y.2d 69 (App.Div.1981), rev’g unreported decision of the trial court. There plaintiffs were engaged in the business of operating carnival games throughout the United States, including New York. Plaintiffs charged those who played the games but there was “no charge for entering the tents or places where the games [were] played and no charge for watching.” 447 N.Y.S.2d at 72. New York imposed a tax on the receipts plaintiffs derived from the charges they levied on those who actually played the carnival games.
The Court of Appeals of New York reversed on the dissent in the appellate division which focused on the term “admission charge” and which concluded that “[t]he receipt [charge derived from allowing a customer to participate in one of the earlier described games] sought to be taxed is not an ‘admission charge’ for admission to or for the use of a place of amusement____” 447 N.Y.S.2d at 71. The dissent also said that the charge was not “ ‘for the use of the facilities’ ... as would be the case with the charge for riding the ferris wheel or roller coaster.” 447 N.Y.S.2d at 72.
Finally, plaintiff says, the case of Fairland Amusements, Inc. v. State Tax Commission of New York, 66 N.Y.2d 932, 498 N.Y.S.2d 796, 489 N.E.2d 765 (1985), rev’g 110 A.D.2d 952, 487 N.Y.S.2d 879 (1985), is dispositive of this issue before the court. In that case, tickets were purchased by the general public for individual rides. There was no charge for admission to the site where the rides were located. The appellate division held that sales tax applied to the sales of amusement ride tickets for individual amusement rides, such as ferris wheels and merry-go-rounds. A dissent said that “ ‘[p]lace of amusement’ may be interpreted as meaning only the physical space with which the *224 amusement is provided or the amusement facility itself.” 487 N.Y.S.2d at 880.
The court of appeals reversed the appellate division on agreement with the dissent that there was an ambiguity in the statutory scheme which had to be construed most strongly in favor of the taxpayer and against the government and that the tax should apply only on an admission charge to enter the location where the amusement facilities are but not on the charge for the facilities.
The distinction plaintiff makes between the entire pier and the individual rides may not be drawn from Great Adventure, Inc. It does not follow from that case that the definition of place of amusement in the act is limited to the entire area included in an amusement park or an amusement pier. In that case, the court also had to deal with § 3(e)(1) in order to determine what amount paid for admission should be taxed. It was undisputed that Great Adventure is a place of amusement and that the sales tax is applicable to its admission charges. The dispute between the taxpayer and the director was with regard to coupons given by the taxpayer to its patrons to reduce the actual amount of money paid for admission. The court concluded that the tax would be on the amount of money paid by the patron and not on the face value of the coupons. Nowhere in the opinion is there any indication that the undisputed fact that Great Adventure is a place of amusement means that only the amount paid for entry into such a place of amusement is subject to sales tax while, if there is no such charge, amounts paid for individual rides may not be taxed. Areas, sites or locations smaller than an entire amusement park or amusement pier were not excluded from the definition of place of amusement. The result in Great Adventure, Inc. that the entire amusement park is a place of amusement does not mean that an area in an amusement park or on an amusement pier carefully delineated for a specific purpose, such as the operation of a ferris wheel, is not a place of amusement.
*225 According to plaintiff, the need to distinguish between an entire amusement park or an entire amusement pier, on the one hand, as a place of amusement, and the location, site or place of a ride, such as a ferris wheel, on the other hand, as a place of amusement creates an ambiguity in the act. Therefore, plaintiff argues, the act must be interpreted in favor of the taxpayer and against the taxing authority and no sales tax may be imposed on amounts paid for the use of the rides.
 I disagree with the analysis of these words in the New York cases upon which plaintiff primarily bases its argument. In the first place, I am not controlled by the decisions of other jurisdictions in interpreting the intent and scope of our act. United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157, 168, 72 A.2d 190 (“[W]e are not controlled by the decisions of federal or other jurisdictions in interpreting the intent and scope of our own Workmen’s Compensation Act.”); In re The Summit and Elizabeth Trust Co., 111 N.J.Super. 154,166, 268 A.2d 21 (App.Div.1970) (“[I]n the construction and application of our statutes we are not bound by a decision of the federal district court.”).[4]
Secondly, Bathrick involves coin-operated amusement devices.[5] The conclusion by the court that a coin-operated amuse *226 ment device is not a place of amusement is of no help to plaintiff.
Next, the reasoning in Outdoor Amusement is simply not persuasive. The court of appeals concluded that no tax was permissible on the basis of a dissent in the appellate division. The dissent focused on the term “admission charge,” and then concluded that the charge made for allowing a customer to participate in one of the games “is not an admission charge for admission to or for the use of a place of amusement.” 447 N.Y.S.2d at 71. The reasoning was based on the conclusion that the game operators made no charge for entering the tents or places where the games are placed and no charge for watching. The charge was not a charge for “the use of the facilities.” The dissent also said by way of distinction that “the charge for riding the ferris wheel or roller coaster” would be a charge for the use of the facilities. 447 N.Y.S.2d at 72. In effect, there was then dicta indicating that charges for a ferris wheel and a roller coaster are taxable.
Finally, Fairland Amusements, Inc. is equally unpersuasive. The appellate division upheld the imposition of the sales tax on the charges made for amusement ride tickets for individual rides. The court of appeals concluded that no tax was to be paid on the basis of a dissent in the appellate division which said that there was an ambiguity in the wording of the statute. Therefore, the statute should be construed in favor of the taxpayer and against the government, and no tax should be imposed. The dissent cited, among other authorities, American Locker Company v. City of New York, 308 N.Y. 264, 125 N.E.2d 421 (1955), as authority for that proposition. That case, in turn, relied on Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 *227 L.Ed. 211 (1917), for the rule that, in case of doubt, statutes levying taxes are construed most strongly against the government and in favor of the taxpayer. However, I find that there is no ambiguity in the wording of the New Jersey statute, the same wording as in the New York statute.
Each of plaintiffs amusement rides is located in a particular place on the pier and is segregated from the rest of plaintiffs amusement pier. Each amusement ride is maintained separately from each other amusement ride. Some, but not all, of the rides are surrounded by a fence enclosing the area to protect persons from being injured by the rides and to insure that each person using the ride pays the admission charge for the ride. Each ride is enclosed or managed and operated to prevent admission to the ride except through a separate admission gate or a specific admission location attended by plaintiffs employees who collect tickets representing the amount paid for entry into, or the use of, the amusement ride. When the admission charge is paid, the person walks into the area where the ride is located and uses whatever facilities are in the area constituting the ride.
Each individual area, location or site on which a ride, or similar amusement is operated or conducted is a place of amusement, and there may be any number of places of amusement within an amusement park or an amusement pier for sales tax purposes. Each area on plaintiffs amusement pier for which a charge is separately made is a place of amusement or entertainment in accordance with any logical reading of the statute and the ordinary interpretation of the words in the statute. Any place where facilities for entertainment or amusement are provided is a place of amusement. § 2(t).
The charges plaintiff makes are for admission to, or for the use of, places of amusement. The charges are for entertainment or amusement. They are for the use of facilities for entertainment or amusement. The charges are taxable as admission charges under § 8(e)(1) in accordance with the definition of admission charge under § 2(o).
*228 Plaintiff has disregarded the three separate items in the definition of admission charge: (1) the amount paid for admission; (2) any charge for entertainment or amusement; and (3) any charge for the use of facilities for entertainment or amusement. The charges plaintiff makes fall under all three parts of the definition.
The fact that the provisions of § 3(e)(1) and § 2(o) would result in a tax on a charge to enter an amusement park or amusement pier and a tax on a charge to enter a specific area in an amusement park or an amusement pier does not create any ambiguity. Actually, the construction urged by plaintiff would result in the anomalous situation that Great Adventure would be taxed, but Mariner’s Landing would not be. The decision on the part of plaintiff not to charge for admission onto its pier does not mean that the charges it makes for entrance into, and the use of, areas in which its rides are located are not subject to tax. Sales taxes are to be collected when customers are charged for the use of facilities which entertain or amuse even if there is no charge for entering the place where the facilities are located.[6] All charges made for entertainment or amusement, except as specifically exempted in the act itself, are subject to the sales tax.
This conclusion is mandated by the very words of the act. They are in the statute to insure that charges made for amusement and entertainment are taxed. The words are not superfluous nor meaningless, and they may not be disregarded. “It is a cardinal rule of statutory construction that full effect should be given, if possible, to every word of a statute. We cannot assume that the Legislature used meaningless language.” Gabin v. Skyline Cabana Club, 54 N.J. 550, 555, 258 A.2d 6 (1969).
*229 The words used are also to be given their ordinary, generally accepted, primary meaning. “[T]he best approach to the meaning of a tax statute is to give to the words used by the Legislature ‘their generally accepted meaning, unless another or different meaning is expressly indicated.’ ” Public Service Elec. & Gas. Co. v. Woodbridge, 73 N.J. 474, 478, 375 A.2d 1165 (1977). See also Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 526, 197 A.2d 673 (1964); Tamton Enterprises, Inc. v. Taxation Div. Director, 5 N.J.Tax 209 (Tax Ct.1983), aff’d per curiam 6 N.J.Tax 347 (App.Div.1984); International Flavors & Fragrances v. Taxation Div. Director, 5 N.J.Tax 617 (Tax Ct.1983), aff’d 7 N.J.Tax 652 (App.Div.1984), aff’d 102 N.J. 210, 507 A.2d 700 (1986); 3A Southerland, Statutory Construction (1973), § 66.01 at 179.

Use Tax.

The parties have stipulated that the rides and equipment used in connection with the rides are purchased outside of New Jersey by plaintiff, which arranges for their delivery to its place of business. Defendant claims that such transactions result in the imposition of a use tax because the purchase of the rides and equipment in the State of New Jersey would result in the imposition of a sales tax. § 6. A primary purpose of the use tax is to prevent the loss of revenue when tangible personal property purchased outside of New Jersey and therefore not subject to our sales tax is used in New Jersey. Coppa v. Taxation Div. Director, 8 N.J.Tax 236 (Tax Ct.1986). See Diamondhead Corp. v. Taxation Div. Director, 4 N.J.Tax 255 (Tax Ct.1982); Hellerstein & Hellerstein, State and Local Taxation (4 ed. 1978), at 551 et seq.
Plaintiff argues, to the contrary, that no use tax may be imposed on its purchase of rides and equipment. It claims that no sales tax should be imposed on charges it makes to persons using the rides and equipment. Therefore, the entire series of transactions is exempt, including the purchase of the rides and equipment, on the basis of which the charges are made. This *230 argument is rejected because the charges made by plaintiff to its customers are taxable as indicated.
In the alternative, plaintiff argues that, if a sales tax is imposed on the charges made for the use of the rides and a use tax is imposed on the purchase of the rides and equipment, it is being subjected to double taxation. It argues that if a sales tax is imposed on charges made for the use of the rides, that tax is on a resale or a rental, and there should be no tax on the underlying purchase of the rides and equipment.
Plaintiff’s reliance upon the sale-for-resale provision in § 2(e)(1) has no merit. This provision was enacted “to avoid pyramiding taxes as goods move along the channels of distribution toward the market place.” Metpath, Inc. v. Taxation, Div. Director, 96 N.J. 147,151, 474 A.2d 1065 (1984), aff’g 5 N.J.Tax 477 (App.Div.1983), aff’g 4 N.J.Tax 277 (Tax Ct.1982). In transactions involving sales of tangible personal property and services, only the final retail sales are subject to tax. §§ 3(a) and 2(e)(1)(A) (tangible personal property); §§ 3(b) and 2(e)(1)(B) (services). The sale-for-resale provision insures that only final retail sales are taxed.
A sales tax on the charges made by plaintiff to its customers is not a tax on the sale or rental of the ride or equipment. It is a tax on an admission charge imposed by a completely separate provision of the act, namely § 3(e). The tax is not imposed under § 3(a) which taxes receipts from every retail sale of tangible personal property, including rentals which are defined as sales. § 2(f). The tax is not imposed under § 3(b) which taxes receipts from every sale of certain enumerated services.
The admission charge is made for the entire package provided by plaintiff to the customer for amusement and entertainment including the use of the rides and equipment, the use of the location where the equipment and rides are placed, the labor of the employees in servicing plaintiff’s customers and the setting up, maintenance, control and supervision of the rides and equipment. Plaintiff’s customers are not buying the rides or equipment, nor are they renting them and they assume no *231 control or dominion over the rides or equipment. Plaintiff’s customers are purchasing entertainment and amusement. The charge for such entertainment and amusement is taxed under § 3(e)(1) while the purchases by plaintiff of its rides and equipment would be taxable under § 3(a) if the purchases were made in New Jersey. They are taxable under § 6 as tangible personal property purchased at retail, used in this State and not taxed nor subject to sales tax.
The purchase of the rides and equipment by plaintiff and the sale of admission tickets to plaintiff’s customers are two separate and distinct taxable transactions. There is no resale of the equipment by plaintiff to its customers, but rather a charge to enter, or for the use of, a place of amusement or entertainment; for entertainment or amusement; or for the use of facilities for entertainment or amusement.[7]
Given that there are two distinct taxable incidents, plaintiff’s contention that it has been deprived of due process and equal protection is without merit. Gritzmacher v. Taxation Div. Director, 2 N.J.Tax 489 (Tax Ct.1981)

Conclusion.

Plaintiff’s motion for summary judgment is denied. Defendant’s cross motion for partial summary judgment is granted:
(a) charges made by plaintiff to customers who use its rides and equipment are subject to sales tax;
(b) the purchase price paid by plaintiff for equipment and rides is subject to use tax;
(c) trial will be had on the amount of plaintiff’s receipts for rides for which the charge is $.75 or less; and
(d) trial will be held to determine which, if any, of plaintiff’s rides are participation sports, and hence, exempt from sales tax under § 3(e)(1).
*232 Counsel for defendant will prepare and submit an order under R. 4:42-l(c) in accordance with this opinion. Counsel for defendant will also arrange for the scheduling of a case management conference to provide for discovery and to schedule a pretrial conference and trial on the remaining issues.

 The Sales and Use Tax Act is L.1966, c. 30, § 1 et seq. and is designated as N.J.S.A. 54:32B-1 et seq., referred to as the act. It was effective July 1, 1966. *217 Hereafter all references to provisions in the act will be by each section number only.

 Bumper Boats are not now on the pier.

 The act was amended by L.1987, C. 268, § 1, effective September 11, 1987, relating to certain sporting events, but the amendment has no bearing on any issue before the court.

 Defendant points out in his brief that when New Jersey adopted its act, New York’s taxing authorities interpreted its act to impose a tax on a charge for a ride on a ferris wheel. Our statute should be similarly interpreted, defendant argues, in accordance with Todd Shipyards Corp. v. Weehawken, 45 N.J. 336, 343, 212 A.2d 364 (1965) in which our Supreme Court said: ’’... our Legislature, in drawing upon the statutory law of another state, probably intended to accept also the interpretive gloss it then had in that jurisdiction.” Emphasis supplied.

 Both parties rely in their briefs on the unreported opinion in B & H Enterprises, Inc. v. City of Atlantic City, Tax Court of New Jersey, MC 098B-83TX, as they are permitted to do in accordance with R. 1:36-3. In view of such reliance, I refer to the opinion without citing it as authority or for any other reason. The statute interpreted in the opinion was N.J.S.A. 40:48-8.16 which in pertinent part provided that a " '[rjetail sale’ or ‘sale at retail’ means and includes ... (5) the granting or sale of any ticket, license or permit for admission to any theatre, moving picture exhibition or show, pier exhibition, *226 or place of amusement____" The court concluded that a coin operated amusement device was not a place of amusement. The pertinent provisions of the act presently before me, §§ 3(e)(1), 2(o) and 2(t), are completely different. See Falcon v. American Cyanamid, 221 N.J.Super. 252, 261, 534 A.2d 403 (App.Div. 1987) (The court mentioned an unpublished opinion because "it was quite properly briefed and argued to the court by the parties.”).

 Note that the exception under § 3(e)(1) for participation in sporting activities specifically exempts charges "for admission to, or use of, facilities," evidencing an intention that charges are exempt for both admission and use.

 For an example of the distinction between §§ 3(a) and 3(b) and § 3(e), see § 12(b) concerning the collection of sales tax from the customer.