SMALL, J.T.C.
Plaintiff challenges an assessment made by defendant under the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29, for the period April 1, 1993 through March 31, 1997. The amount of the assessment is not in dispute. The sole issue before this court is whether a 10% impost fee, included and separately stated on the face of each ticket sold and collected by plaintiff on behalf of the New Jersey Sports and Exposition Authority (“NJSEA”) pursuant to a licensing agreement between plaintiff and the NJSEA, is exempt from sales tax pursuant to N.J.S.A. 54:32B—9(a)(1) or -9(f).
*87 The matter is submitted on a joint stipulation of facts filed in connection with cross-motions for summary judgment and a supplemental affidavit submitted by plaintiff.[1] R. 8:8—1(b). There are no genuine issues of material facts, and the matter is ripe for summary judgment. R. 4:46-2. Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 523, 666 A.2d 146 (1995). For the reasons expressed below I have determined that the Director’s assessment should be affirmed.
I.
Plaintiff is a member of the National Basketball Association and owner of a team known as the “Nets.” The NJSEA owns the arena in which the Nets play their home basketball games, currently named “Continental Airlines Arena,” in East Rutherford, New Jersey. The NJSEA was created pursuant to the New Jersey Sports and Exposition Authority Law, L. 1971, c. 137, N.J.S.A. 5:10-1 to -38, with one of its purposes being to provide an arena and related facilities to accommodate professional athletic teams which may wish to locate in New Jersey.
The NJSEA leases the arena to plaintiff pursuant to a license agreement, which was in effect and complied with by the parties during the tax period at issue. The license agreement sets forth the terms of use of the arena and the obligations and rights of both the NJSEA and plaintiff. This included the payment of a separately calculated annual licensor’s percentage :and an annual event cost reimbursement. N.J.S.A. 5:10-5(k) gives the NJSEA the power to
fix and revise from time to time and charge and collect rents, tolls, fees ,and charges for the use, occupancy or services of its projects or any part thereof or for admission thereto, and for the grant of concessions therein and for things furnished or services rendered by the authority[.j
The NJSEA exercised this power under section 6.2(a) of the license agreement, charging an “admission impost” of 10% of the *88 price of each ticket sold for admission to Nets home games. Plaintiff was required to collect the 10% impost on behalf of the NJSEA from purchasers of tickets to Nets basketball games. This charge is used by the NJSEA to fund its statutory mandate of constructing and operating professional sports facilities in New Jersey.
During the tax period at issue, April 1, 1993 through March 31, 1997, plaintiff separately stated on each ticket (1) the price of admission, (2) the 10% impost fee charged by the Authority on each admission charge, designated “NJSEA,” (3) the sales tax, and (4) the total cost, which was the sum of the prior three charges. Plaintiff did not chai’ge or collect sales tax on the NJSEA’s 10% impost charge, but did collect and remit to the Division of Taxation sales tax on the amount designated as “price” on each ticket.
The admission impost funds collected by plaintiff were recorded and accounted for as a separate and segregated liability to the NJSEA for each season. When Nets games were played, the appropriate amounts were recorded as ticket revenue, sales tax payable, and impost payable. Each of these amounts was credited to separate general ledger accounts. After each basketball season, plaintiff and the NJSEA reconciled all of the financial components of the license agreement, including ticket sales, parking receipts, concession sales, suite sales, and impost charges. All of the impost charges were transferred to the NJSEA.
On December 2, 1997, defendant Director sent a Notice of Assessment to plaintiff, based on plaintiffs liability under the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29, for tax on the 10% impost fees for the period April 1, 1993 through March 31, 1997. The Director’s assessment was $388,141.63 tax, plus interest as of December 30, 1997 of $128,195.90. Thus, the total amount of the assessment was $516,337.53. No penalties were assessed. A timely appeal to this court followed. N.J.S.A. 54:32B-21, and:51A-13, and -14.
II.
Plaintiff argues that the 10% impost was levied by a State authority, the NJSEA, and is, therefore, exempt from the New *89 Jersey Sales and Use Tax under N.J.S.A. 54:32B-9(a)(1). The charge was separately stated on each ticket, and separately accounted for and segregated in the financial statements of plaintiff.
The Director argues that plaintiff cannot establish that the NJSEA admission charge (the 10% impost based on the ticket price) qualifies for an exemption from the New Jersey Sales and Use Tax under N.J.S.A. 54:82B-9(a)(1). The Director also argues that the applicable section (if any) for exemption in this case is N.J.S.A. 54:32B-9(f) which, by its terms, is inapplicable under the facts in this case.
III.
N.J.S.A. 54:32B-3(e)(1) imposes the sales tax on admission charges to basketball games: “There is imposed and there shall be paid a tax of 6% upon: ... falny admission charge ... including charges for admission to ... basketball.... ” The tax is imposed on an “admission charge.” Separate subsections of the statute impose the tax on “eveiy retail sale of tangible personal property,” N.J.S.A. 54:32B-8(a), and “the receipts from every sale except for resale, of the following services.” N.J.S.A. 54:32B-8(b). Thus, an admission charge is something different from a sale of property and from a sale of services. An admission charge is defined as “[t]he amount paid for admission, including any service charge and any charge for entertainment or amusement or for the use of facilities therefor.” N.J.S.A. 54:32B-2(o). A “place of amusement” is defined as “[a]ny place where any facilities for ... sports are provided.” N.J.S.A. 54:32B-2(t).
In Mariner's Landing, Inc. v Director, Div. of Taxation, 11 N.J.Tax 215 (Tax 1989), Judge Rimm concluded, alter examining dictionary definitions of the words “facility” “place” and “amusement,” that “a tax on ‘admission’ to a ‘place of amusement’ is a tax levied on a charge for entering a space devoted to or providing something that amuses or for the use of facilities that amuse or entertain.” Id. at 220.
[Seventeen Thirty Corp v. Director, Div of Taxation, 18 N.J.Tax 108, 182 (Tax 1999).]
The cost of admission to a Nets basketball game is subject to sales tax.
*90 Plaintiff argues that the NJSEA 10% impost based on the ticket price qualifies for an exemption from the New Jersey Sales and Use Tax under N.J.S.A. 54:32B-9(a)(1).
Exemptions from taxation are the exception, rather than the rule. New Brunswick v. Rutgers Community Health Plan, Inc., 7 N.J.Tax 491, 498 (Tax 1985); Princeton Univ. Press v. Princeton Bor., 35 N.J. 209, 214, 172 A.2d 420 (1961). Accordingly, the burden of proof that a taxpayer is entitled to an exemption or deduction is on the taxpayer. Princeton Univ. Press, supra, 35 N.J. at 214, 172 A.2d 420.
The Director’s assessment is entitled to a presumption of correctness. The Director's construction of a tax statute, “which is not plainly unreasonable and with which the Legislature has not interfered, is entitled to prevail.” Aetna Burglar & Fire Alarm Co. v. Director, Div. of Taxation, 16 N.J.Tax 584, 589 (Tax 1997), citing, Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984). The Director asserts that the burden of establishing an exemption has not been met by plaintiff.
IV.
N.J.S.A. 54:32B-9(a)(1) exempts the purchase and sale of certain goods and services by specified governmental agencies from the sales and use tax.
(a) Except as to motor vehicles sold by any of the following, any sale, service or amusement charge by or to any of the following or any use or occupancy by any of the following shall not be subject to the sales and use taxes imposed under this act: (1) The State of New Jersey, or any of its agencies, instrumentalities, public authorities, public corporations (including a public corporation created pursuant to agreement or compact with another State) or political subdivisions where it is the purchaser, user or consumer, or where it is a vendor of services or property of a kind not ordinarily sold by pnvate persons;
[Ibid, (emphasis added).]
Plaintiff argues that the 10% impost charge, specifically designated on each ticket and collected on behalf of the NJSEA pursuant to a licensing agreement, is exempt from sales tax under this section because the NJSEA is an organization which qualifies for the exemption.
*91 It is undisputed that the NJSEA falls within the category of exempt organizations listed in N.J.S.A. 54:32B-9(a)(1). See N.J.S.A 5:10-4a. N.J.S.A. 54:32B-9(a)(1) applies a sales tax exemption to a “sale, service or amusement charge” by or to such an organization, “where it is the purchaser, user or consumer.” Under the facts of this case, the NJSEA is neither a purchaser, user, nor consumer.
Read literally, N.J.S.A. 54:32B-9(a), before subparagraph (1) would appear to provide an exemption for every sale or purchase by the NJSEA. However, subparagraph (1) refines that exemption and provides that when the NJSEA (or a similar governmental entity) is the purchaser, user, or consumer (i.e., when it is the buyer and making a payment), all purchases are exempt from tax. When the NJSEA is the vendor of services or property, those charges are exempt from the sales tax. However, amusement or admission charges are not specifically exempt from taxation when charged by the NJSEA.[2] This reading of N.J.S.A. 54:32B-9(a)(1) is further reinforced by the specific section of the Sales and Use Tax Act which deals with admission charges to athletic events by public entities. N.J.S.A. 54:32B-9(f)(2).
V.
N.J.S.A. 54:32B-9(f) specifically addresses admission charges, stating in pertinent part:
(1) Except as provided in paragraph (2) of this subsection, any admissions all of the proceeds of which inure exclusively to the benefit of the following organizations shall not be subject to any of the taxes imposed under subsection (e) of section 3 of P.L.1961), c. 30 (C.54:32B-3):
(A) an organization described in paragraph (1) of subsection (a)
*92 (2) The exemption provided under paragraph (1) of this subsection shall not apply in the case of admissions to:
(а) Any athletic game or exhibition unless the proceeds shall inure exclusively to the benefit of elementary or secondary schools or unless in the case of an athletic game between two elementary or secondary schools, the entire gross proceeds from such game shall inure to the benefit of one or more organizations described in sub-section (b) of this section____
Plaintiff argues that N.J.S.A. 54:32B-9(f) creates an ambiguity within the exempt organizations statute because amusement charges are covered in N.J.S.A. 54:32B-9(a). The Legislature is presumed not to include meaningless language in a statute. Central Constr. Co. v. Horn, 179 N.J.Super. 95, 101-02, 430 A.2d 939 (App.Div.1981). I find that there is no such ambiguity. As stated previously, N.J.S.A. 54:32B-9(a) does not address the situation of a vendor of admission charges. N.J.S.A. 54:32B-9(f) addresses an exemption for vendors of admission charges, such as the charge at issue in this case, and is therefore applicable to a resolution of this matter.
The general rule under N.J.S.A 54:32B-9(f)(1) is that admission charges collected by State agencies such as the NJSEA are exempt from sales and use tax. An exception to that general rule applies in the case of admission to athletic games, the proceeds of which do not inure exclusively to the benefit of elementary or secondary schools. N.J.S.A. 54:32B-9(f)(2). The admission charges in this case inure to the benefit of the NJSEA, so that it may carry out its statutory mandate of constructing and operating professional sports facilities in New Jersey. N.J.S.A. 5:10-2, -6. The admission charges do not inure to the benefit of elementary or secondary schools, and therefore do not qualify as exempt from sales and use tax under N.J.S.A. 54:32B-9(f). Plaintiff concedes that it does not qualify for exemption from taxation under N.J.S.A. 54:32B-9(f). It argues, however, that the proper reading of N.J.S.A. 54:32B-9(a) is broader than my reading of that section of the statute, and that, in effect, the term “admission and amusement charges” should be read into the last paragraph of N.J.S.A 54:32B-9(a)(1).
[б] If I were to read N.J.S.A. 54:32B-9(a) as exempting from taxation admission charges to athletic games or exhibitions by the *93 NJSEA and other governmental agencies, then there would be no need for the qualifying language of N.J.S.A. 54:32B-9(f). Words of a statute are not superfluous and may not be disregarded. Gab in v. Skyline Cabana Club, 54 N.J. 550, 555, 258 A.2d 6 (1969), cited in Guzzardi v. Director, Div. of Taxation, 15 N.J.Tax 395, 400 (Tax 1995), aff'd o.b. 16 N.J.Tax 374 (Tax 1996), and other cases. See also Paper Mill Playhouse v. Millburn, 95 N.J. 503, 521, 472 A.2d 517 (1984).
In summary, I find that N.J.S.A. 54:32B-9(a)(1) exempts admissions charges paid, by governmental entities. Section 9(f) would not be necessary if the transactions to which it applies (admissions charges payable to governmental entities) were also covered by section 9(a). Accordingly, I find that section 9(a) does not apply to admissions charges to athletic events imposed by government entities. It is unquestioned that, since the specific requirement that governmental admission charges to athletic events are exempt only if the proceeds are dedicated to elementary and secondary schools, section 9(f) cannot apply to charges by the NJSEA.
VI.
My inquiry would end here were it not for the fact that this is a case of first impression in New Jersey. Plaintiff points, in the absence of New Jersey case law or regulatory interpretation, to a New York Tax Appeals Tribunal decision, In Re Buffalo Bills, 1988 WL 168015 (N.Y.Tax App.Trib. Dec. 8, 1988), based on nearly identical facts and a similar law. New York Tax Law § 1116(a)(1) (McKinney 2000).
In that case, Erie County owned the stadium where the Buffalo Bills football team played its games. Under the terms of the lease between Erie County and the team, a monetary charge of 25 cents was imposed for each ticket sold. The New York Tax Appeals Tribunal found the following facts:
[T]he Lease provides that petitioner shall “collect and pay” to the County a “per capita charge of 25 cents to be charged against each ticket sold which is construed to be a tax but which will be paid to Lessor [the County! in any event and without reference to its nature.” Pursuant to this provision, petitioner charged and *94 collected 25 cents per ticket during the period at issue and paid this amount over to the County. This 25 cent charge was at all times separately designated “County Charge” on the face of each ticket. Each ticket also separately listed amounts designated “Price” and “Tax”. Petitioner did not charge or collect sales tax on the “County Charge”, but did charge and collect sales tax (the amount designated “Tax”) on the portion of the purchase price designated “Price”.
[Id. at *2 (emphasis supplied).]
Resolution of that case turned on an interpretation of N.Y.Tax Law § 1116(a)(1) (McKinney 2000), an “exempt organizations” provision almost identical to N.J.S.A. 54:32B-9(a)(1):
Except as otherwise provided in this section, any sale or amusement charge by or to any of the following or any use or occupancy by any of the following shall not be subject to the sales and compensating use taxes imposed under this article: (1) The state of New York, or any of its agencies, instrumentalities, public corporations (including a public corporation created pursuant to agreement or compact with another state or Canada) or political subdivisions where it is the purchaser, user or consumer, or where it is a vendor of services or property of a kind not ordinarily sold by private persons;
[N.Y.Tax Law $ 1116(a)(1).]
The New York Department of Taxation proposed a regulation interpreting this statute, which conditioned any exemption for admission charges on the requirement that all of the proceeds inure exclusively to the benefit of certain specified organizations. This regulation was proposed in an effort to reconcile N.Y.Tax Law § 1116(a)(1) with N.Y.Tax Law § 1116(d)(1) (McKinney 2000), a provision similar to N.J.S.A. 54:32B-9(f). N.Y.Tax Law § 1116(d)(1) states in pertinent part as follows:
(1) Except as provided in paragraph (2) of this subdivision, any admissions all of the proceeds of which inure exclusively to the benefit of the following organizations shall not be subject to any [New York State sales tax]:
(A) an organization described in paragraph [3] (4), (5) or (6) of subdivision (a) of this section;
•Ü4-*
(2) The exemption provided under paragraph (1) of this subdivision shall not apply in the case of admissions to:
(A) Any athletic game or exhibition unless the proceeds shall inure exclusively to the benefit of elementary or secondary schools or unless in the case of an athletic *95 game between two elementary or secondary schools, the entire gross proceeds from such game shall inure to the benefit of one or more organizations described in paragraph (4) of subdivision (a) of this section;
[N.Y.Tax Law § 1116(d).]
The New York Tax Appeals Tribunal found, without discussion, that admission charges are a service, and therefore granted the exemption on the basis of N.Y.Tax Law § 1116(a)(1). Buffalo Bills, 1988 WL 168015, at *5. The Tribunal also found that the proposed regulation would severely circumscribe the exemption provided for in N.Y.Tax Law § 11116(a), because N.Y.Tax Law § 1116(d) already lists those organizations charging admission which are not exempt from sales tax in certain situations. Buffalo Bills, 1988 WL 168015, at *6. Finally, the Tribunal did not have to consider N.Y.Tax Law § 1116(d)(1), a provision similar to N.J.S.A. 54:32B-9(f), because that section, unlike its New Jersey counterpart, does not include state agencies and political subdivisions. Buffalo Bills, 1988 WL 168015, at *6. See also n. 3 of this opinion.
I find that Plaintiffs may not rely on Buffalo Bills, supra, although that decision is factually similar. New Jersey law treats admission charges differently than does New York with regard to state agencies and political subdivisions. I have already found that, under New Jersey law, an admission charge is distinct from the price for the sale of property or the sale of a service, and is, therefore, not exempt from sales tax under N.J.S.A 54:32B-9(a)(1), when charged by a governmental agency. See discussion at III above. The New York Tax Appeals Tribunal provided no analysis as to how it reached the conclusion that an admission charge is a service within the meaning of its exemption. While the New Jersey Legislature clearly had the New York Sales and Use Tax in mind when it adopted the New Jersey Sales and Use Tax, New Jersey Bell Tel. Co. v. Director, Div. of Taxation, 152 N.J.Super. 442, 378 A.2d 38 (App.Div.1977), certif. denied, 75 N.J. 594, 384 A.2d 824 (1978), I am not bound by a determination of the New York Tax Appeals Tribunal which interpreted New York law.
I find three reasons why the New York determination need not be persuasive and should not be followed. (1) Decisions of New *96 York courts are not binding on New Jersey courts interpreting New Jersey statutes. “[Notwithstanding the relationship between the New Jersey and New York statutes, decisions of the New York courts are not controlling in interpreting the New Jersey statutes.” Seventeen Thirty Coup. v. Director, Div. of Taxation, 18 N.J.Tax 168, 183 (Tax 1999), citing United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157, 168, 72 A.2d 190 (1950); In re Summit & Elizabeth Trust Co., 111 N.J.Super. 154, 166, 268 A.2d 21 (App.Div.1970). (2) A New York taxing authority is precluded from seeking review of an adverse determination of the New York Tax Appeals Tribunal; only the taxpayer may appeal. N.Y.Tax Law § 2016 (McKinney 2000). Thus, the New York determination, although final, was not made by a court, but by an administrative tribunal, and was not subject to judicial review, as it was unfavorable to the taxing authority. (3) The most significant difference between the New Jersey and New York sales tax statutes with regard to admission charges imposed by exempt organizations is found by comparing N.J.S.A. 54:32B-9(f) to N.Y.Tax Law § 1116(d). The New York statute does not include political subdivisions or state agencies in its discussion of admission charges, N.Y.Tax Law, § 1116(d)(1)(A), and thus the Buffalo Bills, supra, determination could not have been based on that section of the New York statute. State agencies and political subdivisions are specifically referenced in N.J.S.A. 54:32B-9(f)(2)(A), and are subject to its provisions. As previously stated, N.J.S.A. 54:32B-9(f)(1)(A) denies a sales tax exemption for admissions to “any athletic game or exhibition unless the proceeds shall inure exclusively to the benefit of elementary or secondary schools.... ” Ibid. Therefore, unlike the comparable provisions of the New York statute, N.J.S.A. 54:32B-9(f) is dispositive as to the issue of taxability of the NJSEA admission ehai’ges.
VII.
For the above-stated reasons, the Director’s motion for summary judgment is granted, and plaintiffs cross-motion for summary judgment is denied. The Director’s assessment of sales tax against plaintiff for the tax period at issue is affirmed.

 That affidavit was submitted for the purpose of proving that sports venues such as the Continental Airlines Arena are not “ordinarily" owned by private persons. For purposes of these motions, I find that assertion to be true.

 N J.S.A. 54:32B-2(o) defines an "admission charge" as "[t]he amount paid for admission including any service charge and any charge for entertainment or amusement or tor the use of facilities therefor." N J.S.A 54:32B-2(p) defines "amusement charge" as “l.ajny admission charge, dues or charge of roof garden, cabaret or other similar place." Thus, an amusement charge is a specific type of admission charge.

 Paragraph (1) of New York Tax Law § 1116(a) is the paragraph which refers to the State of New York and its governmental entities. It is not listed here, but the comparable section of the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-9(f), refers to New Jersey and its governmental agencies.