773 A.2d 1160 (2001)
340 N.J. Super. 76
MEADOWLANDS BASKETBALL ASSOCIATES, Plaintiff-Appellant,
v.
DIRECTOR, DIVISION OF TAXATION, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 2001.
Decided April 26, 2001.
Robert J. Alter, Newark, argued the cause for appellant (Sills, Cummis, Radin, Tischman, Epstein & Gross, attorneys; Mr. Alter, of counsel and on the brief).
Patrick DeAlmeida, Trenton, argued the cause for respondent (John J. Farmer, Jr., Attorney General, attorney; Michael J. Haas, Assistant Attorney General, of counsel; Mr. DeAlmeida, Deputy Attorney General, on the brief).
Before Judges BAIME and CARCHMAN.
The opinion of the court was delivered by *1161 BAIME, P.J.A.D.
The novel question presented by this appeal is whether a ten percent impost fee imposed by the New Jersey Sports and Exposition Authority on tickets to Nets professional basketball games at the Meadowlands Sports Complex is exempt from taxation. The impost fee is separately stated on the face of each ticket and is collected by plaintiff on behalf of the Authority, pursuant to a licensing agreement between the two entities. In a reported opinion, the Tax Court concluded that the impost fee is not subject to any statutory exemption. Meadowlands Basketball v. Division of Taxation, 19 N.J. Tax 85 (2000). We affirm the Tax Court's judgment.

I.
The Authority was created by the New Jersey Sports and Expositions Authority Act (N.J.S.A. 5:10-1 to -38). The articulated legislative objectives of the statutory scheme are to establish and operate stadiums for staging sporting events and other expositions, and to attract and accommodate professional athletic teams. N.J.S.A. 5:10-2. The Authority is empowered to "fix" charges "for the use, occupancy or services of its projects," and to grant concessions "for things furnished or services rendered." N.J.S.A. 5:10-5(k). The revenues derived from the Meadowlands Arena are to be earmarked for maintenance and improvements of the facility and the surrounding complex, and for compensation to local governmental entities for loss of property tax revenues. N.J.S.A. 5:10-6(c).
Plaintiff is a member of the National Basketball Association and owner of the Nets. In 1978, the Authority and plaintiff entered into an agreement under which plaintiff was licensed to use the Meadowlands Arena to stage its home games. Among other things, the agreement entitled the Authority to impose "an admission impost of ten percent ... of the price of each ticket sold for admission to the arena...." The impost fee is to be separately stated on the face of each ticket, and is to be charged to patrons and collected by the plaintiff.
Following an audit by the Division of Taxation, the Director sent plaintiff a notice of deficiency for $516,337.53. The assessment represented the sales tax due and interest on the amount of the impost fees collected. Plaintiff challenged the assessment, claiming that it was levied by a State agency, and was exempt from taxation under N.J.S.A. 54:32B-9(a)(1). We will discuss this subsection at length later in this opinion. It suffices at this point to note that the exemption provided by N.J.S.A. 54:32B-9(a)(1) excepts from taxation amounts charged by a State agency as a "vendor of services or property of a kind not ordinarily sold by private persons." Plaintiff presented evidence indicating that "private persons" generally do not operate sports and exposition arenas.
The Director did not contest this point. He argued, instead, that the Authority did not qualify as a "vendor of services or property." The Director further argued that amounts charged by a State agency for admission to an "athletic game" were taxable under N.J.S.A. 54:32B-9(f), unless the proceeds "inured exclusively to the benefit of elementary or secondary schools." Because it was undisputed that the impost fees levied by the Authority and collected by plaintiff were not used for that purpose, the Director asserted that such amounts were subject to taxation. The Tax Court adopted the Director's position and entered judgment in favor of the Division.

II.
The starting point for our discussion is N.J.S.A. 54:32B-3(e). Under that subsection, *1162 a six percent sales tax is imposed on admission charges to athletic events. N.J.S.A. 54:32-9 governs "exempt organizations." Subsection 9(a)(1) covers exemptions for public entities.
(a) Except as to motor vehicles sold by any of the following, any sale, service or amusement charge by or to any of the following or any use or occupancy by any of the following shall not be subject to the sales and use taxes imposed under this act:
(1) The State of New Jersey, or any of its agencies, instrumentalities, public authorities, public corporations (including a public corporation created pursuant to agreement or compact with another state) or political subdivisions where it is the purchaser, user or consumer, or where it is a vendor of services or property of a kind not ordinarily sold by private persons....

[N.J.S.A. 54:32B-9(a)(1) (emphasis added).]
Subsection 9(f) qualifies the exemption for public entities:
(f)(1) Except as provided in paragraph (2) of this subsection, any admissions all of the proceeds of which inure exclusively to the benefit of the following organizations shall not be subject to any of the taxes imposed under subsection (e) of section 3 of P.L.1966, c. 30 (C.54:32B-3):
(A) an organization described in paragraph (1) of subsection (a) or subdivision (b) of this section;

* * *
(2) The exemption provided under paragraph (1) of this subsection shall not apply in the case of admissions to:

(A) Any athletic game or exhibition unless the proceeds shall inure exclusively to the benefit of elementary or secondary schools or unless in the case of an athletic game between two elementary or secondary schools, the entire gross proceeds from such game shall inure to the benefit of one or more organizations described in subsection (b)[1] of this section.

[N.J.S.A. 54:32B-9(f) (emphasis added).]
We first focus on subsection 9(a)(1). That subsection exempts every sale or purchase where a State agency is the buyer of goods or services. Obviously, that is not the case here, because the impost fee is charged by, and not to, the Authority. The question then is whether the impost fee is nevertheless exempt from taxation because the Authority is a "vendor of services or property" with respect to the transaction at issue. A State agency qualifies as a "vendor" when "such entity sells services or property of a kind ordinarily sold by private persons." N.J.S.A. 54:32B-2(i)(1)(E). The requirement of 9(a)(1) that a State agency must be a "vendor of services or property of a kind not ordinarily sold by private persons" appears to be at odds with the definition of "vendor" under N.J.S.A. 54:32B-2(i)(1)(E), which contains the ingredient that the State agency "sell[ ] services or property of a kind ordinarily sold by private persons." N.J.S.A. 54:32B-9(a)(1). (Emphasis added.) We put that incongruity aside because the question has been briefed by neither party and was not raised below.
We, instead, inquire whether an admission charge qualifies as an amount paid for *1163 "services or property" under 9(a)(1). N.J.S.A. 54:32B-2(o) defines an "admission charge" as "[t]he amount paid for admission, including any service charge and any charge for entertainment or amusement or for use of the facilities." N.J.S.A. 54:32B-2(p) defines "amusement charge" as "[a]ny admission charge, dues or charge of roof garden, cabaret or other similar place." Thus, an amusement charge is a specific type of admission charge.
It is clear that an admission charge is not paid in return for "property." There is no exchange of property between the Authority and patrons who pay to enter the arena to view basketball games. Permission to enter a sports stadium is not tangible or intangible property which transfers from the Authority to the basketball fans who attend Nets home games. As pointed out by the Director, that admission charges are not property for sales and use tax purposes is made plain by the fact that the Legislature created an entirely separate provision in the Sales and Use Tax Act for admission charges. N.J.S.A. 54:32B-3(e). If admission charges were included within the definition of "tangible personal property," see N.J.S.A. 54:32B-2(g), a distinct statutory provision applying the tax to admission charges would have been unnecessary.
The question then is whether permission to enter a sports stadium constitutes a "service" within the intendment of the Act. Only those services that are specifically delineated as taxable fall within the Sales and Use Tax Act. Newman v. Director, Div. of Taxation, 14 N.J. Tax 313 (Tax 1994). N.J.S.A. 54:32B-3(b)(1) through (7) set forth the various services subject to the sales tax. Admission to a sports facility is not included in that list. This distinction is further reflected in the definition of "[p]ersons required to collect [the] tax." N.J.S.A. 54:32B-2(w) defines such persons as "every vendor of tangible personal property or services," and separately, as "every recipient of amusement charges." Thus, amounts charged for admission to sports events were treated differently than amounts charged for personal property or services. This distinction is reflected in Tax Court opinions that have held that "`a tax on admission'" to a "`place of amusement'" is "`a tax levied on a charge for entering a space devoted to or providing something that amuses or for the use of facilities that amuse.'" Seventeen Thirty Corp. v. Director, Div. of Taxation, 18 N.J.Tax 168, 182 (Tax 1999) (quoting Mariner's Landing, Inc. v. Director, Div. of Taxation, 11 N.J. Tax 215, 220 (Tax 1989)).
It is also arguable that if subsection 9(a)(1) were intended to govern the subject of admission charges there would be no need for subsection 9(f). That leads us to our discussion of subsection 9(f). But before we focus on that subsection, we are constrained to add the following comments. Taxation is truly an arcane subject. In construing a section, a missed word or comma can easily change the result reached. We agree with the Director's construction of subsection 9(a)(1). However, candor requires us to admit that we could be wrong. We note, for example, that the definition of "admission charge" includes "any service charge for entertainment or amusement," a point that is not discussed by the parties in their briefs and was not referred to by the Tax Court.
We thus emphasize that even if we are incorrect in our interpretation of subsection 9(a)(1), the result would be the same. If subsection 9(a)(1) gives the Authority an exemption for impost fees, subsection 9(f) clearly takes it away. Moreover, because subsection 9(f) deals with the subject more specifically, it must prevail. See New Jersey Transit Corp. v. Borough *1164 of Somerville, 139 N.J. 582, 591, 661 A.2d 778 (1995); Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336, 339, 262 A.2d 193 (1970); State by State Highway Comm'r v. Dilley, 48 N.J. 383, 387, 226 A.2d 1 (1967); State v. Hotel Bar Foods, Inc., 18 N.J. 115, 128, 112 A.2d 726 (1955); State v. Snell, 314 N.J.Super. 331, 338, 714 A.2d 977 (App.Div.1998); Alba v. Sopher, 296 N.J.Super. 501, 504, 687 A.2d 309 (App.Div.1997); State in Interest of B.G., 289 N.J.Super. 361, 373, 674 A.2d 178 (App.Div.), certif. denied, 145 N.J. 374, 678 A.2d 714 (1996); Pompton Lakes Senior Citizens Housing Corp. v. Pompton Lakes, 16 N.J.Tax 331, 339 (Tax 1997); 18 Washington Place Assocs. v. City of Newark, 8 N.J. Tax 608, 613 (Tax 1986).
While admission charges collected by governmental entities are generally exempt under subsection 9(f), that exemption does not apply to athletic games where the proceeds do not inure to the benefit of elementary or secondary schools. Nets professional basketball games, and the admission charges to attend such events, clearly fall within the exception to the exemption. The impost fees charged by the Authority are to serve the purposes of the agency, as listed in N.J.S.A. 5:10-5(a) through (x). These provisions do not authorize the Authority to provide exclusive benefits to elementary or secondary schools.
We acknowledge that the New York Tax Appeal Tribunal reached a different conclusion than we in construing New York's counterpart to subsection 9(a)(1). The agency found, without discussion, that admission charges qualify as "services" under N.Y. Tax Law § 1116(a)(1). While New York's sales tax statute served as the model for our statutory scheme, its interpretive decisions are, of course, not binding or controlling. See New Jersey Bell v. Director, Div. of Taxation, 152 N.J.Super. 442, 450, 378 A.2d 38 (App.Div.1977) (Horn, J.A.D., concurring), certif. denied, 75 N.J. 594, 384 A.2d 824 (1978). Moreover, the New York agency did not consider that state's counterpart to subsection 9(f) in reaching its conclusion. See N.Y. Tax Law § 1116(d). We do not find the agency's unpublished decision persuasive.
Affirmed.
NOTES
[1] N.J.S.A. 54:32B-9(b) exempts from sales tax "amusement charges" to events presented by or benefitting charitable, religious, and scientific organizations, among others.