BIANCO, J.T.C.
This opinion constitutes the court’s decision with respect to the Motion for Summary Judgment filed by the defendant, the Director of the Division of Taxation (the “Director”), relating to the Gross Income Tax-Employer Withholding (“GIT-ER”) taxes assessed to plaintiff, Daniel P. McGlone (“Mr. McGlone”), as a responsible person of T.J. McGlone & Co., Inc. (the “Company”) for tax years 1988, 1989, and 1990. For the reasons set forth below, the Director’s motion is granted.

Facts and Procedural History

The following facts are not materially in dispute. During the tax years at issue, Mr. McGlone was the President and 100% shareholder of the Company, a construction company incorporated in New Jersey. In January 1990, the Company filed a Chapter 11 bankruptcy petition, which was converted to a Chapter 7 liquidation in June 1990. During the bankruptcy proceedings, the Director filed a priority proof of claim estimating that the Company owed approximately $100,000 in business personal property taxes, corporation business taxes, and GIT-ER taxes. A final decree was entered in June 1997 with no satisfaction of the tax debt.
Several years later, in 2001, Mr. McGlone and the Director began discussions about Mr. McGlone’s outstanding personal in *68 come taxes. On August 20, 2001, Mr. MeGlone received a letter from the Director advising him that the Company was missing its GIT-ER year-end reconciliation returns for tax years 1988, 1989, and 1990. After discussions with the Director, on September 10, 2001, Mr. MeGlone filed the missing GIT-ER returns on behalf of the Company.
Subsequently, on December 27, 2001, the Director sent Mr. MeGlone a Notice of Finding of Responsible Person Status and assessed deficient GIT-ER taxes in the amount of $175,071, plus penalties and interest. On March 20, 2002, Mr. MeGlone timely protested the Notice. A conference was held on April 15, 2003. As a result, on August 5, 2003, the Director sent Mr. MeGlone a Final Determination Letter affirming the amount of tax owed.
Mr. MeGlone timely filed his complaint with this court on October 28, 2003. Various Motions have been filed by the parties over the course of this case.[1] The Director’s instant Motion was filed on December 2, 2013. Mr. MeGlone filed an opposition on March 14, 2014, and the Director filed a reply on June 2, 2014. Oral argument was held on June 13,2014.

Summary Judgment

Pursuant to New Jersey’s Court Rule 4:46-2(c), a court shall grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged, and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2(a) outlines the requirements in support of a motion for summary judgment:
The motion for summary judgment shall be served with briefs, a statement of material facts and with or without supporting affidavits. The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted. The citation shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions *69 of exhibits relied on. A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts.
Summary judgment is appropriate where “a discriminating search of the merits in the pleadings, depositions and admissions on file, together with the affidavits submitted on the motion clearly shows not to present any genuine issue of material fact requiring disposition at a trial.” Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 74, 110 A.2d 24 (1954) (citation omitted). “The moving papers and pleadings are to be considered most favorably to the party opposing the motion. All doubts are to be resolved against the movant.” Ruvolo v. Am. Cas. Co., 39 N.J. 490, 499, 189 A.2d 204 (1963); See also Seltzer v. Isaacson, 147 N.J.Super. 308, 312-313, 371 A.2d 304 (App.Div.1977). “The papers supporting the motions are closely scrutinized and the opposing papers indulgently treated.” Judson, supra, 17 N.J. at 75, 110 A.2d 24 (citation omitted).
“By its plain language, R. 4:46-2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a ‘genuine issue as to any material fact challenged.’ ” Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529, 666 A.2d 146 (1995). “That means a non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute.” Ibid. If the opposing party in a summary judgment motion offers
only facts which are immaterial or of an insubstantial nature, a mere scintilla, fanciful, frivolous, gauzy or merely suspicious, he will not be heard to complain if the court grants summary judgment, taking as true the statement of uncontradicted facts in the papers relied upon by the moving party, such papers themselves not otherwise showing the existence of an issue of material fact.
[Judson, supra, 17 N.J.. at 75, 110 A.2d 24 (citations omitted).]

Analysis

Statute of Limitations

As an initial matter, Mr. McGlone suggests that the Director’s assessment was untimely. An employer generally must file reconciliation returns for withholding taxes following the close of the calendar year. See N.J.S.A. 54A:7-7. Once a return has *70 been filed, “any tax under [the Gross Income Tax Act][2] shall be assessed within 3 years....” N.J.S.A. 54A:9-4(a). The limitation period on early filed withholding tax returns begins on April 15, see N.J.S.A. 54A:9-4(b)(2), whereas the limitation period for late filed returns begins on the date filed. See N.J.S.A. 54A:9-4(a); see also N.J.S.A. 54A:9-11. The “three year limitations period in N.J.S.A. 54A:9-4 ... is not tolled or extended by any subsequent amended tax returns filed.” DiStefano v. Director, Division of Taxation, 23 N.J.Tax 609 (Tax 2008). However, if no return is filed, then the tax may be “assessed at any time.” N.J.S.A. 54A:9-4(c)(1)(A).
Even viewed in the light most favorable to Mr. McGlone, the Director’s moving papers demonstrate that the Company did not file GIT-ER reconciliation returns for tax years 1988, 1989, and 1990 when they were due. Although Mr. McGlone claims that he believed the reconciliation returns were timely filed in the ordinary course of business, mere allegations are insufficient at the summary judgment stage.[3] Prior to September 10, 2001, no reconciliation returns had been filed, and thus the Director could have made an assessment at any time. Once Mr. McGlone signed and filed the reconciliation returns on September 10, 2001, the three-year limitations period commenced. The Director promptly sent Mr. McGlone the Notice of Finding of Responsible Person Status on December 27, 2001, and, after a protest and conference, issued a confirming Final Determination on August 5, 2003, all within the three-year window. Therefore, the Director’s assessment was timely.[4]

*71
Responsibility for Tax Debt

11 U.S.C. § 523(a)(1)(A) exempts any debt for a tax specified under section 507(a)(8) from a discharge in bankruptcy. This includes any and all taxes “required to be collected or withheld and for which the debtor is liable in whatever capacity.” 11 U.S.C. § 507(a)(8)(e). The Supreme Court of the United States has held that trust fund tax debts,* ***[5] like the ones at issue here, “are not dischargeable under any circumstances.” United Student Aid Funds v. Espinosa, 559 U.S. 260, 130 S.Ct. 1367, 1379, 176 L.Ed.2d 158 (2010). Furthermore, corporate debtors are not entitled to a discharge under Chapter 7. 11 U.S.C. 727(a)(1).
Mr. McGlone suggests that the Company’s tax debt, and thus his responsibility for it, disappeared at the conclusion of the bankruptcy proceedings. It is clear that trust fund taxes, like the withholding taxes disputed in this ease, are not dischargeable in bankruptcy. Even if the corporate-level debt were somehow relieved, Mr. McGlone was the Company’s President and sole shareholder who exercised “influence and control ... [over] the affairs of the [Company].” Cooperstein v. State, Div. of Taxation, 13 N.J.Tax 68, 89 (Tax.1993). Mr. McGlone does not dispute this point. By statute and ease law, Mr. McGlone is a responsible person and thus is personally liable for any withholding taxes the Company failed to remit. See generally Cooperstein, supra (discussing nine factors to consider whether an individual should be held liable as a responsible person); see also N.J.S.A. 54A:9-6(f),-6(l). Accordingly, Mr. McGlone may be held personally responsi *72 ble for the Company’s tax liability as a result of unpaid withholding taxes for the tax years at issue here.

Amount of Tax Liability

“[E]very employer ... shall deduct ... a tax substantially equivalent to the tax reasonably estimated to be due[.]” N.J.S.A. 54A:7-1. When a taxpayer files a tax return indicating the amount of tax owed, the Director is entitled to rely on that information when making an assessment. See N.J.S.A. 54A:9-3. Furthermore, the Director’s assessment is entitled to a presumption of correctness. Meadowlands Basketball Assocs. v. Dir., Div. of Taxation, 19 N.J.Tax 85, 90 (Tax 2000), aff'd, 340 N.J.Super. 76, 773 A.2d 1160 (App.Div.2001).
In the instant matter, the Director’s assessment was based on the Company’s GIT-ER reconciliation returns, executed by Mr. McGlone, which showed an unpaid tax liability of $175,071. Mr. McGlone contends that the values he provided were merely estimates and that the actual wages paid (and therefore taxes owed) were much lower; however, Mr. McGlone has not produced any Company records or any other information to substantiate the actual amount of wages paid.[6] Mr. McGlone’s mere contention is insufficient to generate a genuine issue of material fact at the summary judgment stage. In the absence of any evidence to the contrary, the Director properly assessed a tax liability in the amounts indicated on the Company’s reconciliation returns.

Conclusion

For the reasons set forth herein, the court finds that the Director’s assessment in this matter was timely. The court further finds that Mr. McGlone is responsible for the Company’s unpaid withholding tax liability, as indicated on the Company’s *73 reconciliation returns filed in 2001, in the amount of $175,071, plus penalties and interest. The Director’s Motion for Summary Judgment, therefore, is granted. The court’s Order and Final Judgment consistent with this pinion was provided to the parties by the court.

 For a variety of reasons, which are not relevant to this Motion, the progress of this case has been delayed several times.

 Title 54A of the New Jersey Statutes is entitled "New Jersey Gross Income Tax Act."

 Mr. McGlone did not present any other evidence by way of certification or documentation that the Company filed GIT-ER reconciliation returns were filed before 2001.

 Mr. McGlone also argues that because the Director was aware of the bankruptcy proceedings in June 1990 and had "sufficient information to certify the approximate amount allegedly due for these taxes," the Director’s filing of a proof of claim was the functional equivalent of the Director filing a missing tax *71 return on the Company’s behalf. However, Mr. McGlone has not provided any legal authority for this position. Further, Mr. McGlone makes several equitable arguments, including arguments that laches and estoppel preclude the dismissal of his claim because of the "severe prejudice” and "unreasonable delay” he endured. The court is satisfied that whatever delay occurred was a direct result of the Company’s failure to timely file the reconciliation returns. The Director made a timely assessment once the late-filed returns were received.

 "Trust fund taxes” are a "term of art which includes income taxes an employer is required to withhold from employee’s pay and the employees' share of social security taxes." In re Rosenow, 715 F.2d 277 (7th Cir.1983).

 Mr. McGlone argues that the Company records were turned over during, and were subsequently destroyed after, the bankruptcy proceedings. It is this court’s understanding that bankruptcy case files are typically archived when no longer needed, rather than destroyed. Mr. McGlone made no attempt to ascertain whether there was an archived file that might contain the Company's records.