PER CURIAM.
Plaintiff Hapag-Lloyd, A.G. appeals from a sales and use tax deficiency assessment by the Director, Division of Taxation (Director) in the amount of $461,528.64 plus interest from January 1, 1969 through December 31, 1980. At issue is whether the charges for repair and maintenance of cargo containers are exempt under N.J.S.A. 54:32B-8.12 of the Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq., and whether the assessment for the period prior to September 30, 1979 is barred by the three-year statute of limitations under N.J.S.A. 54:32B-27(b).
The judgment of the Tax Court is affirmed essentially for the reasons set forth by Judge Lasser in his opinion reported at 7 N.J.Tax 108 (Tax Ct.1984). Maher Terminals, Inc. v. Taxation Div. Director, 6 N.J.Tax 513 (Tax Ct.1984) is overruled to the extent that it holds that under N.J.S.A. 54:32B-8.12, prior to the 1980 amendment, containers were “part of the ship.” See Hapag-Lloyd, A.G., 7 N.J.Tax at 117.
Plaintiff argues that “the sales tax returns that Hapag-Lloyd’s vendors filed faithfully every quarter during the period of the assessment fully satisfied the purpose of the ‘no return’ exception, and there is no reason not to enforce the statute of limitation’s more fundamental and important policy of repose in the circumstances.” Nevertheless, where, as here, the statute of limitations is clear and unambiguous and the facts are undisputed, there is no need to apply maxims of statutory construction. On the other hand, even when statutory construction is necessary or permitted, tax preferences are strictly construed against those claiming exemption. MacMil *326 lan v. Taxation Div. Director, 180 N.J.Super. 175, 178, 434 A.2d 620 (App.Div.1981), aff’d o.b. 89 N.J. 216, 445 A.2d 397 (1982). If the statute of limitations is invoked as a bar to tax assessments, it is strictly construed in favor of the governmental taxing authority. Badaracco v. Commissioner, 464 US. 386, 392, 104 S.Ct. 756, 761, 78 L.Ed.2d 549, 556 (1984); cf. Bristol-Meyers Co. v. Taxation Div. Director, 3 N.J.Tax 451, 459 (Tax Ct.1981).
Here, as a condition precedent to the accrual of the statute of limitations a return must be filed. It was incumbent upon plaintiff to file a return. It is not the policy of the law to permit a taxpayer to suspend indefinitely the statute of limitations by failing to perform the condition which commences the statute of limitations to run.
Nor do we find that the application of the statute of limitations is “particularly unjust” in this case. Even though the plaintiffs vendors filed sales and use tax returns during the period of 1969 through 1980, receipts and deductions on those returns are not identifiable by their type or source. From the outset of the enactment of the New Jersey Sales and Use Tax Act in 1966, the Director of the Division of Taxation maintained the position that the repair and maintenance of containers and chassis performed in New Jersey are subject to the Sales and Use Tax Act. Hapag-Lloyd, A.G., 7 N.J.Tax at 114.
Further, plaintiff had been aware of the position of the Director during the period from 1969 through 1981 from correspondence with companies who performed the repair and maintenance service on plaintiffs containers and chassis. As early as April 1973 one of plaintiffs servicing companies, Container Assisted Service, advised,plaintiff of the position of the Division of Taxation concerning services on cargo containers:
We have been advised by the Chief Tax Counselor for the Department of the Treasury, State of New Jersey, that our services are subject to the State’s 5% Sales Tax. We quote below an excerpt from said ruling:
The New Jersey sales tax is imposed on both labor and materials charged for repairing containers which are used to hold cargo in ocean going vessels, when such services are performed in New Jersey. The State sales tax is *327 applicable, even though the repairs performed in New Jersey are for an out-of-state customer for use by him out of New Jersey, whether the repaired container is delivered out-of-state or delivery occurs intra state.
Moreover, under Paragraph 34 of the stipulation it is admitted by plaintiff that
on at least two occasions in the early 1970’s, Hapag-Lloyd’s Controller, A.E. Downey [spoke] to two auditors employed by the Division of Taxation ... and they advised him that their audits of [companies providing containers and chassis repair and maintenance service for Hapag-Lloyd] disclosed payments by Hapag-Lloyd for container and chassis repair and maintenance services for which no sales tax had been paid. The auditors had also advised Mr. Downey of the Division’s position respecting the sales tax on the services and that Hapag-Lloyd as purchaser was liable for paying the tax. [Emphasis supplied]
Since plaintiff was well aware of the position of the Division of Taxation there is nothing “particularly unjust” in refusing to apply the statute of limitations in this case. Cf. Airwork Ser. Div., etc. v. Director, Div. of Taxation, 97 N.J. 290, 297, 478 A.2d 729 (1984).
Affirmed.