

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-23-1995

# Lauckner v United States

Precedential or Non-Precedential:

Docket 94-5747

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

## Recommended Citation

"Lauckner v United States" (1995). *1995 Decisions.* Paper 277.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/277

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALAN K. LAUCKNER

v.

UNITED STATES OF AMERICA,
Appellant

v.

JOHN HUG; PAUL E. COSTELLO; THOMAS J.
GIACOMARO; UMBERTO J. GUIDO, JR.;
WILLIAM McGLYNN; LEONARD A. PELLULO,
Counterclaim Defendants

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 93-cv-01594)

_____

Argued:  June 29, 1995

PRESENT:  HUTCHINSON*, ROTH and WEIS, Circuit Judges

(Filed October 23, 1995)

_____

* The Honorable William D. Hutchinson participated in the oral argument and Opinion
the above case but died before the Opinion could be filed.

Loretta C. Argrett, Esquire
  Assistant Attorney General
Faith S. Hochberg, Esquire
  United States Attorney
Gary R. Allen, Esquire
Richard Farber, Esquire                    (Argued)
Sara S. Holderness, Esquire
Tax Division
United States Department of Justice
P.O. Box 502
Washington, DC     20044        Attorneys for Appellant

Paul S. Hollander, Esquire
Okin, Cohen & Hollander
Twelfth Floor
One Parker Plaza
Fort Lee, NJ     07024

           and

Michael I. Saltzman, Esquire          (Argued)
Leslie M. Book, Esquire
Stuart B. Katz, Esquire
Baker & McKenzie
805 Third Avenue
New York, NY     10022
             Attorneys for Appellee Umberto J. Guido, Jr.

_____

OPINION OF THE COURT
_____


PER CURIAM


        Appellant, the United States of America, appeals an order of the United S

District Court for the District of New Jersey holding that an Internal Revenue Serv

("IRS") assessment of a penalty against Umberto J. Guido, Jr. ("Guido"), under sect

6672 of the Internal Revenue Code (the "Code"), was time barred by the three year s

of limitations contained in Code section 6501(a).

3

> Section 6672 of Title 26 provides:
> Any person required to collect, truthfully account for, and pay over
> any tax imposed by this title who willfully fails to collect such tax,
> or truthfully account for and pay over such tax, or willfully attempts
> in any manner to evade or defeat any such tax or the payment thereof,
> shall, in addition to other penalties provided by law, be liable to a
> penalty equal to the total amount of the tax evaded, or not collected,
> or not accounted for and paid over.

26 U.S.C.A. § 6672 (West Supp. 1994).  Section 6501(a) of the same title states tha

"[e]xcept as otherwise provided in this section, the amount of any tax imposed by t

title shall be assessed within 3 years after the return was filed."  26 U.S.C.A. §

(West 1989).  Because the IRS's section 6672 assessment against Guido was made more

three years after the relevant returns were deemed to have been filed, the District

held that the IRS's assessment was time barred.  The IRS contends the district cour

because no statute of limitations, including the one contained in section 6501(a) o

code, applies to IRS assessments under section 6672.  While it admits that it maint

contrary position for over 30 years, it contends that recent decisions of the court

compel the conclusion that the IRS's prior interpretation of the statute is erroneo

We disagree and will affirm the district court's order dismissing the IRS

section 6672 claim as time barred by the statute of limitations contained in Code s

6501(a) for the reasons given in the district court's opinion reported at Lauckner

United States, No. 93-1594 (D.N.J. May 4, 1994).

4