NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

5/5/2023 Corrected attorney name.

CHRISTOPHER GILL,

Plaintiff,

-v.-

DIRECTOR, DIVISION OF TAXATION,

Defendant.

TAX COURT OF NEW JERSEY
DOCKET NO. 004035-2021

Approved for Publication
In the New Jersey
Tax Court Reports

Decided:  May 1, 2023

Maria L. Dooner for plaintiff.

Lindsey R. Curewitz for defendant
(Matthew Platkin, Attorney General of New Jersey, attorney).

FIAMINGO, J.T.C.

Pending before the court are the motion for summary judgment filed by plaintiff, Christopher Gill, ("plaintiff") and the cross motion for summary judgment filed by defendant, Director, New Jersey Division of Taxation ("Director").  The issues before the court are ones of first impression:  do the limitations periods imposed upon the assessment of tax for gross income tax, and sales and use tax apply to the notifications of responsible persons for such taxes?  For the reasons explained more fully below, the court finds that the limitations period for the imposition of gross income tax applies to the penalty assessment on a responsible person under N.J.S.A. 54A:9-6(f) and/or (g).  Accordingly, plaintiff's motion with respect to plaintiff's liability for employer gross income tax withholding is granted and the Director's cross motion is denied.  The court finds that the issuance of a notice of responsible person for liability for Sales and Use Tax is

*

not subject to a limitations period on a responsible person and, therefore, plaintiff's motion for summary judgment is denied and the Director's cross motion is granted.

Finding of Facts and Procedural History

The following facts are derived from the statements of material facts and the certifications submitted by plaintiff and Director in support of their respective motions.

During all the years in question plaintiff was the vice president and the sole shareholder of Floor Resources, Inc. ("Floor"). During tax years 2012 and 2013 plaintiff was the person most familiar with the Floor's business operations, had ultimate decision-making authority and oversaw all of Floor's financial aspects, including the responsibility to file Employer gross income tax withholding returns and sales and use tax returns and to withhold and pay the tax associated with those returns.

At plaintiff's direction, Floor filed Gross Income Tax – Employer Withholding returns ("GIT-ER") for the following periods on the dates set forth below:

| TAX PERIOD | DATE FILED |
| --- | --- |
| 7/2012 – 9/2012 | October 26, 2012 |
| 4/2013 – 6/2013 | July 30, 2013 |
| 7/2013 – 9/2013 | October 31, 2013 |
| 10/2013 – 12/2013 | January 30, 2014 |

Floor did not remit all the taxes reflected on the foregoing returns.[1]

---

[1]  The statement of material facts does not reflect the amount of the tax set forth on the return, or the amount remitted.

2

At plaintiff's direction, Floor filed Sales and Use Tax Returns ("S&U" forms) for the following periods on the following dates:

| TAX PERIOD | DATE FILED |
| --- | --- |
| 4/2012 – 6/2012 | September 28, 2012 |
| 4/2013 – 6/2013 | August 1, 2013 |
| 7/2013 – 9/2013 | October 18, 2013 |

At least some portion of the taxes indicated on the foregoing returns was not remitted.[1]

On August 8, 2013, Floor filed for Chapter 11 bankruptcy protection and listed the New Jersey Division of Taxation ("Taxation") as a creditor. In December 2013 Taxation filed proofs of claim in the amounts of $70,088.57 and $109,494.07, which represented the deficiencies for the GIT-ER and S&U returns referenced above, plus additional UEZ liability. The bankruptcy action was converted into a Chapter 7 liquidation on July 29, 2014. On November 29, 2016, a final decree was entered by the bankruptcy court. No amounts were paid to the State of New Jersey in connection with the bankruptcy action.

On March 15, 2019, Taxation issued a notice of finding of responsible person status against plaintiff for the trust fund liabilities of Floor.[2] Plaintiff filed a protest on June 11, 2019, and a conference was held on September 2, 2020. On December 16, 2020, Taxation issued a final determination upholding the finding of responsible person notice. Plaintiff filed a timely complaint with the Tax Court on March 12, 2021. That complaint contested the timeliness of the

---

[2]  The tax withheld from employees' wages and sales and use taxes collected from purchasers are collected on behalf of the State and are commonly referred to as "trust fund" taxes. See Cooperstein v. State, Div. of Taxation, 13 N.J. Tax 68, 78 n.4 (Tax 1993), aff'd, 14 N.J. Tax 192 (App. Div. 1994).

issuance of the notice of finding of responsible party but did not appeal the underlying determination of responsible party status or the amount of the trust fund liabilities.[3]

Plaintiff filed the instant motion for summary judgment which the Director opposed. The Director also filed a cross motion for summary judgment.

**LEGAL ANALYSIS**

Summary Judgment

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The trial court's "function is not . . . to weigh the evidence and determine the truth . . . but to determine whether there is a genuine issue for trial." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The trial judge must consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party." Ibid.

When the facts present "a single, unavoidable resolution" and the evidence "is so one-sided that one party must prevail as a matter of law," then a trial court should grant summary judgment. Ibid. "The party defending against a motion for summary judgment cannot defeat the motion

---

[3]  According to plaintiff's complaint, the aggregate amount of GIT-ER tax liability at contest for the period July 2012 through December 2013 is $8,645.00 and the amount of the SUTA liability at issue for the period of April 2012 through September 2013 is $124,183.00. The final determination issued in this matter reflects liability for GIT-ER in the aggregate amount of $8,645.00, including penalty and interest to 1/15/21, and $132,095.70 for "S&U" including penalties and interest through 1/15/21.

4

unless it provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in its favor." School Alliance Ins. Fund v. Fama Constr. Co., 353 N.J. Super. 131, 135-136 (Law Div. 2001) (citing Anderson, 477 U.S. at 248). All material facts submitted by the movant which are sufficiently supported are to be deemed admitted unless the other party specifically disputes such facts. See R. 4:46-2(b).

Here, plaintiff and Director agree on the material facts as set forth herein. There are no material facts in dispute. The matters at issue involve the application of the law to the facts presented. The matter is ripe for summary judgment.

Employer liability for Gross Income Tax Withholding

The N.J. Gross Income Tax Act is set forth in N.J.S.A. 54A:1-1 to 10-12 ("GIT Act"). Chapter 7 of the GIT Act, N.J.S.A. 54A:7-1 to N.J.S.A. 54A:7-7, imposes upon employers the obligation to withhold Gross Income Tax ("GIT") from the wages paid to employees. Specifically, N.J.S.A. 54A:7-1(a) provides:

> (a) General.--From and after September 1, 1976, every employer maintaining an office or transacting business within this State and making payment of any wages subject to New Jersey personal income tax or making payment of any remuneration for employment subject to contribution under the New Jersey "unemployment compensation law" pursuant to R.S.43:21-1 et seq. that is subject to New Jersey personal income tax to a resident or nonresident individual shall deduct and withhold from such wages for each payroll period a tax computed in such manner as to result, so far as practicable, in withholding from the employee's wages during each calendar year an amount substantially equivalent to the tax reasonably estimated to be due resulting from the inclusion in the employee's New Jersey income of his wages received during such calendar year. The method of determining the amount to be withheld shall be prescribed by regulations of the director, with due regard to the withholding exemptions of the employee.
>
> [Ibid.]

5

The amount of tax "actually deducted and withheld . . . shall be deemed to have been paid to the director on behalf of the person from whom withheld and such person shall be credited with having paid that amount of tax for the taxable year. . ." N.J.S.A. 54A:7-3. All New Jersey employers subject to the withholding requirement must "on or before the 15th day of the month following the close of such calendar month, file a withholding return . . . and pay over to the director . . . the taxes so required to be deducted and withheld." N.J.S.A. 44A:7-4. Annual reconciliation returns are to be filed on or before February 15 of the year following the close of the calendar year. N.J.S.A. 54A:7-7.

An employer required to deduct and withhold GIT is liable for the tax and, "[f]or purposes of assessment and collection, any amount required to be withheld and paid over to the director, and any additions to tax, penalties and interest with respect thereto, shall be considered the tax of the employer. . ." N.J.S.A. 54A:7-5. Therefore, although the amounts deducted and withheld from wages are paid on account of GIT due from the employee, amounts required to be withheld constitute taxes of the employer for which it is liable, and which are to be assessed and collected as a tax due from the employer. Id.

Responsible person liability for GIT-ER tax

Nothing within the provisions of Chapter 7 imposes liability upon any individual or entity other than the employer making payment of the wages. Plaintiff's liability for the tax is imposed upon him arises pursuant to N.J.S.A. 54A:9-6(f), (g) and (l) which establish the so-called "responsible person" liability for withholding taxes.

Subsection (f) nonwillful failure to pay withholding tax

N.J.S.A. 54A:9-6(f) ("Subsection (f)") is applicable to the failure to make payment of tax required to be withheld pursuant to N.J.S.A. 54A:7-4. Subsection (f) imposes liability upon the "employer" for the failure to make a return and pay a tax withheld under the provisions of N.J.S.A.

6

54A:7-4, where the failure to do so is "without intent to evade or defeat" such tax.[4] In that event, "the employer shall be liable for such tax and shall pay the same together with interest thereon and the addition to tax provided in subsection (a) and such interest and addition to tax shall not be charged to or collected from the employee by the employer." N.J.S.A 54A:9-6(f).[5]

### Subsection (g) willful failure to pay GIT-ER tax

Where any "person" willfully fails to collect, account for, and/or pay over, or willfully attempts to evade <u>any</u> tax imposed under the GIT Act, N.J.S.A. 54A:9-6(g) ("subsection (g)") (emphasis added), imposes "a <u>penalty</u> equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."[6] (Emphasis added).

### Responsible person liability

For the purposes of both subsections (f) and (g) "the term person or employer includes an individual, corporation or partnership or an officer or employee of any corporation . . . who as such officer [or] employee . . . is under a duty to perform the act in respect of which the violation

---

[4] As noted above N.J.S.A. 54A:7-5 imposes liability for taxes withheld under the GIT Act upon the employer, providing that the amount required to be withheld and paid over to the Director, together with "additions to tax, penalties and interest with respect thereto is "considered the "tax of the employer". N.J.S.A. 54A:7-5. Arguably, subsections (f) is duplicative as to the imposition of the GIT at issue upon the "employer paying the wages" in the first instance and therefore unnecessary to impose that obligation upon the employer where the failure to file and/or pay is not deemed an intent to evade the tax. It is not clear why subsection (f) or (g) are necessary to again impose that liability.

[5] The phrase "the addition to tax in subsection (a)" is a reference to N.J.S.A. 54A:9-6(a) which applies to circumstances where there is a failure to file a return and requires that there "be added to the amount required to be shown as tax . . . such amount required under the State Uniform Procedure Law, R.S. 54:48-1." Subsection (a) is not at issue in this matter.

[6] See Footnote 3. Moreover, it is unclear how subsection (g) would apply as the employer is already liable for the GIT that is assessed as a penalty in that section. Since however the liability for GIT of Floor is not at issue, this perceived anomaly is not of concern. Clarification by the legislature would be helpful.

occurs." N.J.S.A. 54A:9-6(l). This provision establishes the so-called responsible person obligation on plaintiff under either or both subsection (f) or subsection (g). Plaintiff does not dispute that he is a person described in N.J.S.A. 54A:9-6(l), and therefore, within the contemplation of the provisions of either or both subsections (f) and (g).

Plaintiff, however, argues that the liability imposed upon him constitutes an "addition to tax" subject to the provisions of N.J.S.A. 54A:9-6(j) which provides,

> [t]he additions to tax and penalties provided by this section shall be paid upon notice and demand and shall be assessed, collected and paid in the same manner as taxes and any reference in this act to income tax or tax imposed by this act, shall be deemed also to refer to the additions to tax and penalties provided by this section. . . .
>
> [Ibid.]

According to plaintiff, the notice of finding of responsible person acts as an assessment of "additional tax" or a "penalty" upon plaintiff which must be "assessed, collected and paid" in the same manner as taxes. Therefore, plaintiff argues that the provisions of N.J.S.A. 54A:9-4 requiring that "any tax under [the GIT Act] shall be assessed within 3 years after the return was filed" applies to invalidate the notice of finding of responsible person which was served after the expiration of that three-year period.

Notably, no further action by the Director was required with respect to any assessment of tax against Floor. The GIT-ER withholding taxes due from Floor were "assessed" when the returns were filed. N.J.S.A. 54A:9-3 ("[t]he amount of tax which a return shows to be due, . . . shall be deemed to be assessed on the date of filing of the return . . ."). Further, no notice of deficiency was required to be sent to Floor since the amounts which were not paid were shown on the returns filed. N.J.S.A. 54A:9-2(g) (a deficiency is the GIT Tax imposed, less the amount shown on the return.); See also Nevins v. Dir., Div. of Taxation, 31 N.J. Tax 26, 38 (Tax 2019) ("the Director is not required to issue a notice of deficiency to let taxpayers know the amount of tax on their [ ]

8

returns. If a taxpayer is already aware of his tax obligation when he prepares and files a return, he must pay such amount of tax to Taxation."). Thus, the Director was under no obligation to issue any notice of assessment to Floor for the tax due here.

Interestingly, there is no requirement under N.J.S.A. 54A:9-6, or the GIT Act itself, mandating that the Director notify an individual that he or she is a "person" under N.J.S.A. 54A:9-6(l), and thus, a party responsible for the GIT Tax obligation. N.J.S.A. 54A:9-6(l) applies only to include the responsible person in the definition for employer when imposing liability for the tax under subsections (f) and (g).[7] Although plaintiff argues that under the so-called Taxpayer's Bill of Rights, L. 1992, c. 175, the Director is obliged to provide a notice to the responsible party within the limitations period, no such requirement exists.

Plaintiff further contends that N.J.S.A. 54A:9-6 must be read as a whole so that the imposition of tax upon a responsible person under subsections (g) and (f) be treated as an "addition to tax" subject to the statute of limitations set forth in N.J.S.A. 54A:9-4, requiring that "any tax under [the GIT Act] shall be assessed within 3 years after the return was filed." Thus, plaintiff maintains the imposition of liability upon the responsible person must be subject to the same three-year statute of limitations applicable to the employer; and as no return is required to be filed by a responsible person, N.J.S.A. 54A:9-6 must be interpreted with reference to the date of filing of the returns by Floor.

The Director argues that issuance of the March 15, 2019, notice of finding of responsible person to plaintiff was not an assessment of tax, but merely an effort to collect tax from the responsible person who is jointly and severally liable for the tax. The Director maintains that

---

[7] Subsection (l) also applies for purposes of imposing penalties under N.J.S.A. 54A:9-6(h) and (i), which provisions are not implicated in this appeal.

9

plaintiff's liability for the tax arose simultaneously with the liability imposed upon Floor and since there is no requirement on the Director to issue a notice of assessment to Floor, no such requirement exists as to plaintiff. Hence, the Director maintains the responsible person notice is not an "assessment of tax" subject to the limitations period under N.J.S.A. 54A:9-4, or as determined in N.J.A.C. 18:2-6.

No reported decision in New Jersey pinpoints the application of any limitations period to the imposition of responsible person tax liability under N.J.S.A. 54A:9-6. The reported decisions that have addressed the issue of responsible person status under the GIT Act have focused primarily on the status of the taxpayer as a responsible person. See eg. Lorenzo v. Dir., Div. of Taxation, 14 N.J. Tax 577 (Tax 1995); Cooperstein v. State, Div. of Taxation, 14 N.J. Tax 192 (App. Div. 1994), certif. denied. 140 N.J. 329 (1995); See also Portuguese Spanish Palace Corp. v. Dir., Div. of Taxation, 20 N.J. Tax 100 (Tax 2002) (taxpayer's filing of protest more than 90 days after issuance of notice of finding of responsible person status deprived court of jurisdiction to hear appeal of finding); but see McGlone v. Dir., Div. of Taxation, 28 N.J. Tax 65, 70 (Tax 2014) (implying that the three-year statute of limitations applies to issuance of finding of responsible person status notice.)

"If the statute of limitations is invoked as a bar to tax assessments, it is strictly construed in favor of the governmental taxing authority." Hapag-Lloyd, A.G. v. Dir., Div. of Taxation, 8 N.J. Tax 323, 326 (App. Div. 1986) (citing Badaracco v. Commissioner, 464 U.S. 386, 392 (1984)). Here, the question is whether a statute of limitations applies in the context of Taxation's identification of a responsible person and the application of the responsible person liability.

"It is well-established that in construing a statute, one must consider its plain language." Koch v. Dir., Div. of Taxation, 157 N.J. 1, 7 (1999). "If the statute admits of more than one interpretation, it is to be interpreted in light of the Legislature's general intention, without undue

10

emphasis on any particular word." Campo Jersey, Inc. v. Dir., Div. of Taxation, 390 N.J. Super. 366, 380 (App. Div. 2007) (citing Koch, 157 N.J. at 7). "It is a fundamental maxim that the opinion as to the construction of a regulatory statute of the expert administrative agency charged with the enforcement of that statute is entitled to great weight and is a 'substantial factor to be considered in construing the statute.'" New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 575 (1978). Here, no legislative guidance exists and no regulations addressing the notice of responsible person status and the statute of limitations have been issued by the Director.

"In the absence of any legislative history or regulations, interpretations from other jurisdictions can, and often do, provide guidance and assistance in interpreting New Jersey statutes." DiStefano v. Dir., Div. of Taxation, 23 N.J. Tax 609, 617 (Tax 2008); See also Cooperstein v. Div. of Taxation, 13 N.J. Tax at 82-83, (where there are no reported cases in this State construing a statutory phrase, a court can look to other jurisdictions having similar statutes employing similar language.); Eiszner v. Dir., Div. of Taxation, 18 N.J. Tax 579 (Tax 2000) (examining federal cases applying 26 U.S.C. 6501 to question of tax under N.J.S.A. 54A:9-4(a)). In the federal arena the U.S. Court of Appeals for the Third Circuit found that the penalty assessment under 26 U.S.C. §6672(a) on the responsible person for the willful failure to withhold and pay over employment taxes is subject to the Internal Revenue Code's general three-year statute of limitations, commencing from the date of the filing of the employer's return.[8] Lauckner v. U.S.,

---

[8] N.J.S.A. 54A:9-6 is like 26 U.S.C. §6672(a) as it is read at the time in that there was no specific requirement of notice of finding of responsible person status. Neither the legislature nor the Director has spoken directly to the issue.

68 F.3d 69 (3rd Cir. 1995). In doing so, the Court of Appeals adopted the reasoning that the trial court made in an unreported decision.[9] Ibid.

Before the District Court in Lauckner, the government conceded that in the three decades prior to the attempted collection from the taxpayer in that matter, it had always interpreted the statute as requiring notification to the responsible person within the statute of limitations period applicable to the withholding agent. However, it contended that its prior position was erroneous and that no statute of limitations should be applied.[10] At the time, the applicable statute, 26 U.S.C. §6672(a), provided that:

> [a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
>
> [Ibid.]

The government argued that the responsible person penalty assessment under Section 6672 was "separate and apart" from the employer's trust fund tax liability and therefore, the responsible person liability was not triggered by the filing of the return by the employer so that the general three-year statute of limitations was inapplicable. The trial court rejected the government's position finding that the liability of the responsible person was separate and distinct only in the sense that it provided a collection device whereby the government could recover the taxes from

---

[9]  The court is mindful of its obligation not to cite to unpublished decisions. R. 1:36-3. The court cites Judge Sarokin's opinion to give context to the decision of the Appellate Court which affirmed the lower court's decision "for the reasons given in the district court's opinion reported at Lauckner v. United States, No. 93-1594, 1994 WL 837464 (D.N.J. May 4, 1994)." Lauckner, 68 F.3d 69.

[10]  Here there is nothing before the court to determine how the Director has applied the statute at issue since its adoption in 1976 as part of the New Jersey Gross Income Tax Act.

the responsible person at its discretion and need not first attempt to collect such taxes from the employer. See United States v. Pepperman, 976 F.2d 123, 126-27 (3rd Cir. 1992). The court found instead that the *penalty* assessment of Section 6672 was based on the underlying liability of the employer and therefore, the Government was bound to assess the penalty of Section 6672 within three years of the filing of the return.

In addressing the government's argument that no return was filed which would then trigger the assessment of the Section 6672 penalty, the trial court ultimately found that the responsible person's liability was clearly based on the employer's returns with respect to the amount of the penalty and those returns provided sufficient information about the responsible person such that the assessment may be completely based on the returns. Thus, the limitations for liability assessment on the responsible person began to run from the date that the employer returns were filed.

The government's final argument before the trial court in Lauckner that the general statute of limitations should not apply because Congress did not provide that it should apply to the penalty assessments of Section 6672 was also rejected by the court.[11] The court cited Justice Stevens'

---

[11] Here the court pauses to acknowledge the Director's argument that there is a fundamental difference between Section 6672 and N.J.S.A. 54A:9-6 in that the former provides that the general three-year statute is applicable to its assessments. However, at the time that the penalties were assessed and the Lauckner trial and appellate court opinions were rendered, Section 6672, like N.J.S.A. 54A:9-6, did not provide for the application of any statute of limitations. Section 901 of the Taxpayer's Bill of Rights adopted by Congress amended Section 6672 effective to assessments made after June 30, 1996, to include a new subsection (b) as follows:

> (b) PRELIMINARY NOTICE REQUIREMENT.—
> "(1) IN GENERAL.—No penalty shall be imposed under subsection
> (a) unless the Secretary notifies the taxpayer in writing by mail to
> an address as determined under section 6212(b) that the taxpayer
> shall be subject to an assessment of such penalty.

dissent in <u>Badaracco</u>, 464 U.S. at 405 (Stevens, J., dissenting) where he observed that "[w]hatever the correct standard for construing a statute of limitations when it operates against the Government . . . surely the presumption ought to be that *some* limitations period is applicable." <u>See</u> <u>also</u> <u>Rothensies v. Electric Battery Co.</u>, 329 U.S. 296, 301 (1946) ("It probably would be all but intolerable, at least Congress has regarded it as ill-advised, to have an income tax system under which there never would come a day of final settlement and which required both the taxpayer and the government to stand ready forever and a day to produce vouchers, prove events, establish values and recall details of all that goes into an income tax contest. Hence, a statute of limitation is an almost indispensable element of fairness as well as of practical administration of an income tax policy.") <u>But</u> <u>see</u> <u>E.I. DuPont DeNemours & Co. v. Davis</u>, 264 U.S. 456, 462 (1924) ("an action on behalf of the United States in its governmental capacity . . . is subject to no time limitation, in the absence of congressional enactment clearly imposing it."). The District Court

---

"(2) TIMING OF NOTICE.—The mailing of the notice described in paragraph (1) shall precede any notice and demand of any penalty under subsection (a) by at least 60 days.

"(3) STATUTE OF LIMITATIONS.—If a notice described in paragraph (1) with respect to any penalty is mailed before the expiration of the period provided by section 6501 for the assessment of such penalty (determined without regard to this paragraph), the period provided by such section for the assessment of such penalty shall not expire before the later of—

"(A) the date 90 days after the date on which such notice was mailed, or

"(B) if there is a timely protest of the proposed assessment, the date 30 days after the Secretary makes a final administrative determination with respect to such protest.

"(4) EXCEPTION FOR JEOPARDY.—This subsection shall not apply if the Secretary finds that the collection of the penalty is in jeopardy."

concluded that the general statute of limitations of 26 U.S.C. 6501(a) was applicable to the assessment of the responsible person penalty. Lauckner, 68 F.3d 69.

Our Supreme Court has set forth guidance in interpreting a taxing statute.

> Two principles of statutory interpretation are relevant to our analysis of [a] taxing statute. First, the court should follow the clear import of statutory language. Second, when interpretation of a taxing provision is in doubt, and there is no legislative history that dispels that doubt, the court should construe the statute in favor of the taxpayer. (internal citations omitted).
>
> [Fedders Fin. Corp. v. Dir., Div. of Taxation, 96 N.J. 376, 384–85 (1984).]

Here the language of N.J.S.A. 54A:9-6 is equivocal in the sense that the imposition of liability upon the responsible party is not made simultaneously with the liability imposed upon the wage paying employer. That is, N.J.S.A. 54A:7-5 imposed liability upon the wage payor only. Thus, there is no doubt that Floor, as the wage paying employer, is liable for the tax required to be withheld, despite such tax being the gross income tax obligation of the employee. Ibid. However, the imposition of the responsible person's liability arises only upon application of subsections (f) and (g) which requires that the penalty imposed thereby be "paid upon notice and demand and . . . be assessed, collected and paid in the same manner as taxes . . ." N.J.S.A. 54A:9-6(j) (emphasis added.).

In the absence of clear direction from the legislature to the contrary, the court finds that the imposition of the penalty under subsection (f) or (g) upon a responsible person through the issuance of a notice of finding of responsible person, must be made within the limitations period applicable to the filing of the returns at issue, if a return is filed. Thus, whereas here, the notice of finding of responsible person was made beyond the three-year limitations period set forth in N.J.S.A. 54A:9-4, the assessment of liability against the responsible person is not allowed.

Accordingly, plaintiff's motion for summary judgment voiding the assessment of the penalty upon plaintiff for the GIT-ER is granted.

Plaintiff's Liability for Sales and Use Tax

The Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29 ("SUTA") "was enacted as a revenue raising measure and is intended to be broadly read." Atlantic City Showboat, Inc. v. Dir., Div. of Taxation, 26 N.J. Tax 234, 251 (2012), aff'd, 28 N.J. Tax 335 (App. Div. 2013), certif. denied, 217 N.J. 303 (2014). The SUTA imposes a tax on the "receipt of every retail sale of tangible personal property" and specified services. N.J.S.A. 54:32B-3. The "tax is a tax on the customer, not the vendor who merely collects it. N.J.S.A. 54:32B-12(a)." Campo Jersey, Inc. v. Dir., Div.of Taxation, 390 N.J. Super. 366, 382 (App. Div. 2007), certif. denied. 190 N.J. 395 (2007). As such, the SUTA is commonly called a "trust fund" tax. Cooperstein, 13 N.J. Tax at78 n.4.

SUTA returns are to be filed monthly. N.J.S.A. 54:32B-17. "Every person required to file a return under [the SUTA] shall, at the time of filing such return, pay to the director the taxes imposed by [the SUTA] . . ." N.J.S.A. 54:32B-18. "The amount of tax which a return shows to be due, . . . shall be deemed to be assessed on the date of filing of the return." N.J.S.A. 54A:9-3.

"Every person required to collect any tax imposed by this act [is] personally liable for the tax imposed, collected or required to be collected under this act." N.J.S.A. 54:32B-14. The person required to collect the sales and use tax ("SUT") includes "every seller of tangible personal property . . . [and] shall also include any officer or employee of a corporation . . . who as such officer or employee is under a duty to act for such corporation in complying with any requirement of [the SUTA]." N.J.S.A. 54:32B-2(w).

As with the argument made as to the imposition of responsible person liability for GIT-ER tax, plaintiff argues that the statute of limitations applicable to the assessment of SUT applies to

16

the finding of responsible person status to void his liability. In this regard, N.J.S.A. 54:32B-27(b) provides,

> [t]he provisions of law relative to limitations of time for the enforcement of a civil remedy shall not apply to any proceeding or action taken by the State or the director to levy, appraise, assess, determine or enforce the collection of any tax or penalty provided by this act. However, except in the case of a willfully false or fraudulent return with intent to evade the tax, no assessment of additional tax shall be made after the expiration of more than four years from the date of the filing of a return; provided, however, that where no return has been filed as provided by law the tax may be assessed at any time.
>
> [Ibid.]

Plaintiff maintains that the finding of responsible person status, to be effective, must be made no later than four years following the date of filing of the returns by Floor. Although no decision in this State is directly on point, courts in other jurisdictions have found that no separate notice of assessment, within any limitations period, is necessary where, as here, the responsible person is fully aware of the liability at issue. The Supreme Court of Indiana observed that:

> because these persons serving the corporation have direct and immediate control of the internal corporate processes dealing with these entrusted funds, it may be safely assumed that they are aware of the responsible officer statute which is the source of their potential personal liability and that they are aware of and privy to corporate correspondence relating to their corporate duties including notices of assessment sent to the corporation.
>
> [Ball v. Indiana Dept. of Rev., 563 N.E. 2d. 522, 524 (Ind. 1990).].

Thus, where the taxing authority "provides the corporation with notice of the assessment, personal notice to the responsible officer then in charge is not required." Ibid. "Officers who are made personally aware of corporate tax deficiencies and who, through neglect or intent, fail to make provisions for the satisfaction of the corporate tax debt when due, simply cannot be allowed to take advantage of their own omissions." Livingstone v. Dep't of Treasury, 456 N.W.2d 684,

17

696–97 (Mich. 1990); Van Orman v. Indiana, 416 N.E. 2d 1301 (Ind. App. 1981) (responsible person as president and general manager of corporate entity was obviously aware that corporation had failed to pay the sales and use tax due. No notice of intent to hold individual personally liable within the statute of limitations period was necessary); See also United States v. Galletti, 541 U.S. 114, 123-24 (2004) ( "Once a tax has been properly assessed, nothing in the [Internal Revenue] Code requires the IRS to duplicate its efforts by separately assessing the same tax against individuals or entities who are not the actual taxpayers but are, by reason of state law, liable for payment of the taxpayer's debt.").

Like the imposition of liability upon the wage paying employer for taxes owed by the employee in N.J.S.A. 54A:7-5, the SUTA imposes personal liability upon the vendor *and* the responsible person by virtue of the inclusion of the responsible person in the definition of the "persons required to collect tax." N.J.S.A. 54:32B-2(w) (emphasis added). The obligation to collect the tax is direct, not vicarious. The imposition of liability is not a penalty assessment, or an addition treated as a tax; the tax is due and assessed upon all persons required to collect tax, including the "officer or employee . . . under a duty to act . . ." Ibid. The Legislature clearly and unequivocally stated its intention under the SUTA to impose liability upon the responsible person at the same time as, and in the same manner as, the actual seller corporation. Thus, the filing of the return by the seller constitutes the assessment of the tax against the responsible person, without further notice.

Arguably, plaintiff, as "a person required to collect or pay tax," was required to make and file a return under N.J.S.A. 54:32B-17(a) and his failure to do so can be considered his reliance upon the filing of the returns by Floor. His reliance thereon constitutes his acquiescence to be held responsible for the statements made on those returns, and the consequence of their filings. Plaintiff's arguments that the Director was required to issue a notice of finding of responsible

18

person within the statute of limitations period applicable to SUTA is unavailing. Plaintiff was obligated to file and pay the SUT at the same time and in the same manner as Floor.

Here no assessment notice was needed to be served upon Floor because of the filing of the return, thus self-assessing the tax at issue. Plaintiff, as the responsible person, was clearly aware of the tax due and the failure of Floor to remit the amount indicated. More importantly, however, the plain language of the statute imposed upon plaintiff the liability to collect and pay over the tax in the first instance and imposed personal liability as the person responsible to do so. No further action was required of the Director.

Unlike the GIT Act, the SUTA imposes upon the responsible person the obligation to collect and pay over the tax at the same time and in the same manner as the seller. Thus, unlike the penalty or additions treated as tax for the failure to pay or failure to file imposed under GIT-ER, the plain language of the SUTA imposes personal liability for the collection and the obligation to pay over SUT directly upon both Floor and plaintiff when such tax is required to be collected.

The filing of the return was the assessment, and no further action by the Director was required to assess the tax. Nevins, 31 N.J. Tax at 38; N.J.S.A. 54A:9-3(a). The court also rejects plaintiff's argument that its position is buttressed by the obligation of the Director to apply the factors set forth in Cooperstein, 13 N.J. Tax 68 (in deciding as to the status of an individual as a responsible person. It does not follow that because the factors set forth in Cooperstein are determinative of the status of an individual as a responsible party, that the statute of limitations applicable to the underlying tax is then applicable to that determination. Plaintiff's argument that the Director does not yet know who the responsible party is until after this analysis is made, and therefore, therefore there can be no joint liability until that determination is made, is not supported by the clear language of the statute. N.J.S.A. 54:32B-14 imposes personal liability for the SUT upon "every person required to collect" that tax. N.J.S.A. 54:32B-2(w) makes it clear that such

19

persons include plaintiff as an officer or employee with a duty to act. Regardless of when the Director makes the determination, the individual under the duty to perform the act is liable. That the Director does not make that determination immediately upon the filing of the return, or within four years thereafter, does not impact the liability of such individual as imposed by the statute. The assessment of tax, and the liability therefor, is made upon the filing of the return. The Director's identification of the responsible party and subsequent attempts at collection from all entities or persons liable therefore, is not the assessment of tax subject to the statute of limitations. Moreover, it is unquestionable that plaintiff was clearly aware of the liability of Floor and its failure to make the payment due.

Finally, the court rejects plaintiff's argument that accepting the Director's position that the statute of limitations is inapplicable to the issuance of a notice of finding of responsible party would put taxpayers at a disadvantage if that finding was required to be made within the statute of limitations. Such is not the case in this matter. Plaintiff has not argued that he is not a responsible person as defined in Cooperstein or that he was unable to present any documentation to refute the finding of the Director. Plaintiff was fully aware of the obligation of Floor to collect and pay over the SUT due, as well as its failure to do so. The Director is under no obligation under the SUTA to separately notify plaintiff of his obligations or to engage in further efforts to notify plaintiff of his statutory obligations.

Accordingly, the court upholds the issuance of the Director's notice of finding of responsible person as regards the SUT taxes due from Floor.

Conclusion

For the reasons set forth above, the court grants plaintiff's motion for summary judgment with respect to the assessment for GIT-ER against plaintiff and denies the Director's cross motion.

20

The court grants the Director's cross motion for summary judgment with respect to the assessment

for SUT and denies plaintiff's motion.